THE CITY OF NEW YORK, Respondent, *v.* JAMES MATTHEWS et al., Doing Business under the Firm Name of A. D. MATTHEWS' SONS, Appellant.

Contract — New York (city of) — action to recover stipulated annual payments to city for privilege of constructing and maintaining tunnel under street to connect buildings owned by defendant — effect of stipulation as to method of trial — power of Trial Term to dispose of all issues, equitable as well as of law, in one trial.

This action was brought on a written contract to recover the stipulated annual payments to be made by the defendants for the privilege of constructing and maintaining a tunnel to connect two buildings owned by the defendants on opposite sides of a street in the city of New York. The defendants pleaded that the agreement was made under a mutual mistake of fact in that both parties supposed that the city owned the fee of the street. The fact was that the defendants owned the fee of the street to the width of fifty feet, the original width of the street, and the city owned the fee only of the added part, thirty feet in width. The defendants prayed that the contract be reformed. The parties stipulated to try the case at Trial Term before the court and one juror, and that both sides should move for a direction of a verdict at the end of the case. The trial court directed a verdict for three-tenths of the claim. *Held*, *first*, that having consented to the manner of trial, the plaintiff should not thereafter be heard to assert that a different method should have been pursued. Moreover it was within the power of the court at Trial Term to try and dispose of all the issues raised by the pleadings and to make a complete adjudication of the matters

in controversy, and to grant both legal and equitable relief (Code Civ. Pro. §§ 974, 976); *second*, that the evidence failed to show a mistake of fact on the part of either of the parties, and did not establish a case for reformation of the contract.

*City of New York* v. *Matthews*, 156 App. Div. 490, affirmed.

(Argued November 13, 1914; decided January 19, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 20, 1913, upon an order reversing a judgment in favor of plaintiff for part of the claim entered upon a verdict directed by the court and directing judgment in its favor for the full amount claimed.

This action was brought on a written contract to recover the stipulated annual payments to be made by the defendants for the privilege of constructing and maintaining a tunnel beneath Livingston street in the borough of Brooklyn to connect two buildings owned by the defendants on opposite sides of the street. The defendants pleaded as a partial defense and by way of counterclaim that the agreement was made under a mutual mistake of fact in that both parties supposed that the city owned the fee of the street, whilst the fact was that the defendants owned the fee of the street to the width of fifty feet, the original width of the street, and the city owned the fee only of the added part, thirty feet in width. The defendants prayed that the contract be reformed. Upon the issues framed by the complaint, answer and reply the case was brought to trial at a Trial Term. The parties stipulated to try the case before the court and one juror, and that both sides should move for a direction of a verdict at the end of the case. The trial court directed a verdict for three-tenths of the claim. The Appellate Division reversed the judgment entered thereon and directed judgment for the plaintiff for the full amount, stating in its judgment the following grounds for the decision: "(1) That, inasmuch as the

defendants did not ask to have the equitable issues raised by the counterclaim and reply sent to the equitable side of the court for trial it was error for the trial justice to receive testimony of the alleged mistake; (2) that the defendants were not entitled to any equitable relief until the contract had been reformed; and (3) that the defendants did not establish that the agreement was the result of a mutual mistake. * * * "

*Edward M. Grout, Paul Grout* and *Charles B. La Voe* for appellants. Defendants were not obliged to go to trial at Special Term and the procedure followed at the trial was proper. (*Bennett* v. *Edison El. Co.*, 18 App. Div. 410; 164 N. Y. 131; *Andrews* v. *Gillespie*, 47 N. Y. 587; *Pitcher* v. *Hennessy*, 48 N. Y. 415; *Walker* v. *A. C. Ins. Co.*, 143 N. Y. 167; *Cohen* v. *Am. Surety Co.*, 129 App. Div. 166; *Bendix* v. *Saul*, 34 Misc. Rep. 774; *Dunham* v. *Fitch*, 48 App. Div. 321; *Scott* v. *Morgan*, 94 N. Y. 508; *Hecla Powder Co.* v. *Sigua Iron Co.*, 157 N. Y. 437; *Keller* v. *Erie R. R. Co.*, 183 N. Y. 77.) The defendants were entitled to erect their structure in that part of the street owned by them without compensation to the city, and that portion of the contract providing for such compensation is void for lack of consideration. (*Matter of B. & R. Gas Light Co.* v. *Calkins,* 62 N. Y. 386; *Hymes* v. *Estey*, 133 N. Y. 342; *McCarthy* v. *City of Syracuse*, 46 N. Y. 194; *City of N. Y.* v. *Rice*, 198 N. Y. 124; *Deshong* v. *City of New York*, 176 N. Y. 475.) The Appellate Division had no authority to render final judgment in this case. (*Benedict* v. *Arnoux*, 157 N. Y. 715; *Griffin* v. *Marquerd*, 17 N. Y. 32; *Schenck* v. *Bart*, 22 N. Y. 422; *Gernsey* v. *Miller*, 80 N. Y. 183; *McNulty* v. *M. M. El. Light Co.*, 172 N. Y. 419; *Walker* v. *Walker*, 155 N. Y. 77; *Livingston* v. *Livingston*, 173 N. Y. 377; *Ely* v. *Holton*, 15 N. Y. 595; *Rice* v. *Floyd*, 1 N. Y. 608; *Grief* v. *Buffalo, L. & R. Railway Co.*, 205 N. Y. 239; *Clancy* v. *N. Y., N. H. & H. R. R.*, 157 App. Div. 337.)

*Frank L. Polk, Corporation Counsel* (*Terence Farley* of counsel), for respondent.    The judgment was properly reversed by the Appellate Division.    (*City of New York v. Dowd Lumber Co.,* 135 App. Div. 244.)    If the defendants desired to attempt to prove the alleged equitable counterclaims set up by them in their amended answer, they should have obtained a separate trial of that equitable issue in the appropriate forum.    It was decidedly improper for them to attempt to try an equitable issue before a jury, and for the justice, who presided at such a trial, to allow the witnesses for the defendants to testify to the alleged mistake.    (*Loewenthal v. Haines,* 160 App. Div. 503.)    The testimony falls short of establishing that the parties made a mutual mistake.    (*Jaycox v. Trembly,* 42 App. Div. 416.)    If a party of mature years and sound mind, being able to read and write, without any imposition or artifice to throw him off his guard, deliberately signs a written agreement without informing himself as to the nature of its contents, he will nevertheless be bound, for in such case the law will not permit him to allege as matter of defense his ignorance of what it was his duty to know.    (*Chu Pawn v. Irwin,* 82 Hun, 607; *Rozen v. D. D., E. B. & B. R. R. Co.,* 7 Misc. Rep. 130; *Bacon v. Proctor,* 13 Misc. Rep. 1; *Wheeler v. Mowers,* 16 Misc. Rep. 143; *Breese v. U. S. Telegraph Co.,* 48 N. Y. 132; Page on Cont. § 76; *Phillip v. Gallant,* 62 N. Y. 256; *Wheaton v. Fay,* 62 N. Y. 275; *G. F. Ins. Co. v. M., etc., R. Co.,* 72 N. Y. 90; *Hill v. S., etc., R. Co.,* 73 N. Y. 351; *Roberts v. Derby,* 68 Hun, 299; *Wilson v. Deen,* 74 N. Y. 531.)    A court of equity will not relieve a party against a mistake in a written contract where it appears that the mistake, if any, was one that the most ordinary care would have guarded against, and the party does not claim not to have read the portion of the contract alleged to be erroneous, or to have been misled in any way as to its contents.    (*Taylor v. Fleet,* 4 Barb. 95; *P. G. Co. v. Anglin,*

82 Ala. 492; *Hill* v. *Bush*, 90 Ark. 522; *Comrs.* v. *Younger*, 29 Cal. 176; *Hawkins* v. *Hawkins*, 50 Cal. 558; *M. L. Assn.* v. *Esche*, 75 Cal. 513; *Kimmell* v. *Skelly*, 130 Cal. 555; *Robinson* v. *Glass*, 94 Ind. 211; *Glenn* v. *Statler*, 42 Iowa, 107; *Roundy* v. *Kent*, 75 Iowa, 662.)

MILLER, J. We are unable to assent to the first two grounds of the decision of the learned Appellate Division. By not objecting the parties consented to try all of the issues at Trial Term. The only objection claimed by the corporation counsel to raise the question of the proper manner of trial of the issues was one taken to the admission of testimony to show the alleged mistake, but that objection was plainly insufficient to raise the point. Having consented to the manner of trial, the plaintiff should not thereafter have been heard to assert that a different method should have been pursued.

Moreover, we are of the opinion that it was within the power of the court at Trial Term to try and dispose of all the issues raised by the pleadings and to make a complete adjudication of the matters in controversy. It is quite common to speak of the "law" and "equity" sides of the Supreme Court, but in truth the Supreme Court is one court exercising jurisdiction at law and in equity. One of the main purposes of vesting the Supreme Court with such jurisdiction was to obviate the difficulty resulting from the necessity of trying part of a controversy in one court and part in another, and if a distinction is still to be maintained between the jurisdiction which the Supreme Court may exercise on its so-called law and equity sides, the former difficulties will be preserved in part. True, the Code of Civil Procedure provides that the mode of trial of an issue of fact arising upon a counterclaim is the same as if it arose in an action (Section 974), but it also provides that "an issue of fact triable by the court may be tried at a trial term or a special term of the supreme court as prescribed in the

general rules of practice." (Section 976.) We fail to perceive how it can make any difference as to the quality .or measure of justice administered whether the judge is sitting in a Trial or a Special Term, in one court room or another. It is the Supreme Court which grants relief both at law and in equity, and the power of the court to try all of the issues between the parties at Trial Term and to grant both legal and equitable relief is in our opinion undoubted.

· Whether the court had discretion to direct separate trials of the issues is an entirely different question. It may be that the trial court should have made findings to support its decision of the issues arising upon the counterclaim, but its failure to do that did not justify a reversal of the judgment by the Appellate Division and the decision of the issues the other way.

However, we think the Appellate Division was justified in directing final judgment for the reason that the defendants wholly failed to establish a case for reformation of the contract. The defendants knew that they owned the fee of the street to the width of fifty feet when they signed the application to the board of estimate and apportionment for permission to build a tunnel beneath and across the street, though their agent, who selected the form of application, was ignorant of that fact. The board of estimate granted the application and determined the compensation to be paid upon the basis of the superficial area of the tunnel to be constructed, but without considering at all the question of the ownership of the fee of the street. The defendants got precisely what they applied for — permission to build the tunnel across the entire width of the street. The evidence shows that in the construction of the tunnel, sewer, water and gas pipes and electric conduits were encountered which had to be shifted in various directions. The city was not obliged to grant the permission to construct a tunnel in the part of the street of which it did not own the fee even assum-

ing that the defendants had the right to so construct it
without permission. The evidence does disclose that
Abraham & Straus and Loeser received permission to
construct tunnels under Livingston street connecting their
respective properties, and that the charge to each was based
on the superficial area of that part of the tunnel in the
strip of which the city owned the fee, but in those cases the
application was only for permission to construct in that
part of the street. It may be assumed that if the
defendants had made such an application it would have
been granted on the same terms and that they would
have constructed the tunnel precisely as they did and been
required to pay no more than their neighbors, but for
that difference in treatment they must look to the board
of estimate and apportionment for redress. A court of
equity cannot remake the contract simply because the
defendants made a mistake in asking for more than they
needed. The express permission to construct a tunnel in
the part of the street of which the defendants owned
the fee furnished at least some consideration for so much
of the charge as was based on that part of the street.
The evidence failed to show a mistake of fact on the
part of either of the parties, but at the most a mistake of
the defendants in supposing that they needed a permit for
the part of the street of which they owned the fee.
We do not decide even that they were wrong in that
assumption.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, HOGAN
and CARDOZO, JJ., concur; HISCOCK, J., concurs in
result.

Judgment affirmed.