ANAHMA REALTY CORPORATION, Appellant, *v.* 9 AVENUE-31 STREET CORPORATION, Respondent, Impleaded with MAX N. NATANSON, Defendant.

MARTIN, J. (dissenting). The plaintiff brought this action in equity to foreclose a vendee's lien for the down payment made pursuant to an agreement for the purchase of real property. A personal judgment is not sought, except for any deficiency on the foreclosure sale. The defendant 9 Avenue-31 Street Corporation's answer after setting up certain denials sets forth a separate and complete defense and counterclaim against the plaintiff for an alleged refusal to perform said agreement. The plaintiff's reply to the counterclaim was served on July 30, 1931, issue being thereupon joined. The notice of motion herein was not served until September 17, 1931, more than twenty days after joinder of issue. After the commencement of plaintiff's suit Monro-King & Gremmels Corporation, which held a second mortgage on the real property in question, commenced an action to foreclose the said mortgage, claiming a default in the payment of interest and joined as parties defendant the defendant 9 Avenue-31 Street Corporation, as fee owner, and the plaintiff, whose notice of pendency of its vendee's lien action had been filed, and sixteen mechanic lienors, whose notices of lien had also been filed. To this mortgage foreclosure action the lienors interposed their answers and sought thereby to foreclose their respective mechanics' liens. The plaintiff also filed its amended answer to the foreclosure complaint in an effort to foreclose

its vendee's lien, alleging therein in the same manner and to the same effect as in this action, that no other proceeding had been taken by it, "except an action brought solely against the defendants 9 Avenue-31 Street Corporation and Max N. Natanson for the same relief as herein sought, which action is now pending and awaiting consolidation with this action." Thereafter a motion was made by the defendant 9 Avenue-31 Street Corporation for a jury trial. It was granted at Special Term, and the general issue whether the said defendant 9 Avenue-31 Street Corporation is entitled to a money judgment against the plaintiff was framed for a jury trial. Pursuant to the last paragraph of the order the case appeared for trial on the day calendar for January 4, 1932. The appellant contends that the order is erroneous in several respects: (1) It grants the defendants a jury trial as a matter of right; (2) the application must in any event be addressed to the discretion of the court upon proper notice; (3) the order grants the defendant a preference and places the case on the Trial Term calendar for immediate trial. The effect of the order appealed from was to move the plaintiff's action in equity in its entirety from Special Term to Trial Term for immediate trial. The appellant contends that a defendant who pleads a defense and counterclaim at law in an action in equity may not by such a device remove plaintiff's equitable action to a Trial Term and thereby deprive the plaintiff of a trial to which he is entitled by law and by a court without a jury. If the contention of the respondent is correct, such a result may be accomplished at any time by filing a counterclaim in which the facts alleged in the complaint are substantially restated. The defendant's counterclaim is not an independent action in the sense that the term has been used in considering the subject of a trial of a counterclaim. In *Manhattan Life Insurance Co.* v. *Hammerstein Opera Co.* (184 App. Div. 440) the court said: " The Code procedure permits of the interposition of a legal counterclaim in an equitable action. Thus the defendant has a choice of remedies. He may bring an action at law on his counterclaim, in which case he would have an absolute right to a trial by jury of the issues of fact; or, he may set up his cause of action by way of a counterclaim in the equity action, in which his right to a trial by jury will rest in the discretion of the court. This defendant elected to pursue the latter course; and having made his election, he cannot now claim that he has a right to a jury trial. It was never contemplated that by interposing a counterclaim the defendant could divest the court of equity of jurisdiction of any part of the suit properly commenced therein, and delay the plaintiff in the prosecution of his equitable remedy until plaintiff could have his action at law tried. A court of equity, having assumed jurisdiction, will grant full relief, whether the same be legal or equitable." (See, also, *Brown* v. *Long Beach Lumber Co.*, 228 App. Div. 790; *Maag* v. *Maag Gear Co.*, 193 id. 759, 761.) The main triable issue here is whether the defendant refused to perform the agreement. Such issue is raised by the denials contained in the answer to plaintiff's complaint in equity, and under the circumstances should be tried by the court without a jury. The mere fact that the defendant may thereupon be entitled to money damages is merely incidental to the main relief sought. This whole controversy may be disposed of at one trial in the equity action. Under the circumstances here disclosed, the defendant was not entitled to a jury trial as a matter of right. He must make a timely application therefor and on a proper showing the granting or refusal thereof is in the discretion of the court. The application for a jury trial not having been made within twenty days

after joinder of issue the right to same was waived. The ramifications of this litigation strikingly illustrate the wisdom of the rule that the entire controversy should be disposed of at one trial of the equity action and thus avoid the expense and annoyance of several trials. The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Finch, P. J., concurs.

