MABEL BIRDSALL, Appellant, v. G. J. TOWNSEND BIRDSALL, Respondent.— Appeal by the plaintiff wife from an order which modified a judgment of separation, granted April 7, 1931, whereunder the wife was awarded alimony. The modification consisted in directing that the payments of alimony " shall cease until such time as the petitioner becomes employed and is making sufficient money to enable him to pay the same." Defendant has recently been in prison for six months for contempt. Application by appellant for a further imprisonment of respondent has been made. Objection is made that the order does not contain the provisions of section 1172-a of the Civil Practice Act. The order is made under that section, and its provisions apply. Order unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

EMMA M. WHITE, Respondent, v. DAVID D. WHITE, Appellant. DAVID DUDLEY WHITE, Appellant, v. EMMA M. WHITE, Respondent.—Appeal from an order granted at a term of the Supreme Court, Broome county, consolidating the above actions and directing that the trial thereof be held in Otsego county. The action brought by the appellant against the respondent is to annul their marriage on the ground that at the time of such marriage respondent was " a permanent subject to epileptic fits " which condition was and is incurable, and that the respondent concealed such condition from the appellant until after said marriage. The action by the respondent against the appellant is for separation on the grounds of cruel and inhuman treatment. The parties were married in the city of New York and thereafter lived together in said city. It is claimed that the wife became ill and decided to go to her old home at Worcester, N. Y., to see a physician, and that while in Worcester she received a letter written by her husband stating that " you can never live with me again under any conditions what so ever and that is final. Legal means will be taken at once to annul the marriage." Respondent is now living with her parents in Worcester, Otsego county, N. Y. So far as appears, the appellant still resides or is employed in the city of New York, county of Bronx. Appellant asserts that it was improper to consolidate the action for annulment and the action for a separation, citing Sorenson v. Sorenson (122 Misc. 196; affd., 219 App. Div. 344). Section 96-a of the Civil Practice Act authorizes the court to direct that two or more actions growing out of the same set of facts be tried or heard together without consolidation whenever it can be done without prejudice to a substantial right. It makes little practical difference whether the cases herein be consolidated or merely tried together; the proper result has been reached by the order appealed from. Order unanimously affirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

FILLMORE S. WIGGINS and Another, Appellants, v. BENJAMIN HORTON and Another, Respondents.—Appeal from an order changing the place of trial, on the ground of convenience of witnesses, from Sullivan county to Orange county. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.