DOMINICK S. TASCIO, by PETER TASCIO, His Guardian ad Litem, Respondent, v. THE CITIZENS BANK OF WHITE PLAINS, NEW YORK, Appellant.— Order denying defendant's motion to consolidate with this action an action in the County Court, Westchester county, against this defendant, wherein Peter Tascio is the plaintiff, reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. This action is brought by an infant plaintiff to recover damages for personal injuries, and the County Court action is brought by his father to recover for loss of services and expenses. Both actions arise out of the same accident and, except for the question of damages, they involve precisely the same issues and the same witnesses will testify at both trials. Plaintiffs have failed to show that consolidation will prejudice a substantial right. Under the circumstances the Special Term improperly exercised its discretion in refusing to consolidate the actions. Lazansky, P. J., Davis, Johnston, Adel and Close, JJ., concur.

MARGARET WEBSTER and RUTH FICK, Respondents, v. GRANT B. EUSTIS, Appellant.— In an action brought by the vendors against the vendee for specific performance of an alleged contract for the sale of real property, judgment in favor of the plaintiffs reversed on the law, with costs, and the complaint dismissed, with costs. The contract is unenforcible for the reasons (1) that the offer made by the real estate broker was beyond the scope of his authority, his agency being limited to the transmittal of the defendant's offer, and the plaintiffs had notice of such limitation by the legend on the check; (2) assuming that Cramer, the broker, was authorized to make the offer sued upon, the offer was never accepted according to its terms, thus leaving material elements upon which the minds of the parties never met. (*Ansorge* v. *Kane*, 244 N. Y. 395.) Lazansky, P. J., Hagarty, Carswell and Close, JJ., concur; Adel, J., dissents and votes to affirm.