HENRY A. UTERHART, as Receiver of SOUTH SHORE THRIFT CORPORATION, Respondent, Appellant, v. NATIONAL BANK OF FAR ROCKAWAY, Appellant, Respondent. (Action No. 1.) HENRY A. UTERHART, as Receiver of SOUTH SHORE THRIFT CORPORATION, Respondent, v. NATIONAL BANK OF FAR ROCKAWAY, Appellant, and Others, Defendants. (Action No. 2.) — Order entered May 21, 1938, in so far as it grants plaintiff's motion to sever the second cause of action in Action No. 2 and to consolidate such cause of action with Action No. 1, and directs the service of an amended complaint, affirmed, with ten dollars costs and disbursements. The motion presents a novel question, but in view of the circumstances shown it was within the discretion of the court to order a consolidation of causes of action involving related facts and issues as to a single defendant. The liberal provisions of section 96 of the Civil Practice Act are not to be limited by strict or literal construction, or by reason of mechanical difficulties. The purpose of this section and many others was to commit to the courts a wide discretion in the administration of litigated business. (*Sherlock* v. *Manwaren*, 208 App. Div. 538, 541.) The order herein granted condensed the issues against this defendant and facilitated the litigation. Order entered June 29, 1938, extending the appealing defendant's time to plead or move with respect to the amended complaint modified to provide that said defendant may serve an amended answer within ten days by combining the allegations in the two answers into a single pleading; and as so modified the order is affirmed, without costs. The appealing defendant may not serve an amended answer as a matter of right, for the amended complaint in the consolidated action tenders no new issue. (3 Carmody's N. Y. Practice, p. 2517.) At present the answers are in two different actions and contain matter not pertinent to the present consolidated action. On the basis of sim-

plicity and mechanics, and for convenience, the appealing defendant is allowed to combine the defenses in a single amended answer without incorporating any additional matter. This will not restrict said defendant in making such motions on the trial as it may be advised. Already there has been great and unnecessary delay in making practice motions. The parties should proceed to a trial on the merits. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.