MARVIN L. VANDERMARK, Plaintiff, *v.* LADISLAV P. NOVICKEY et al., Defendants. (Action No. 1.)

R. IRENE BRIGGS, as Administratrix of the Estate of WILLIS J. BRIGGS, Deceased, Plaintiff, *v.* LADISLAV P. NOVICKEY et al., Defendants. (Action No. 2.)

DONALD GROW, Plaintiff, *v.* STANLEY VANDERMARK et al., Defendants. (Action No. 3.)

Supreme Court, Special Term, Broome County, November 11, 1946.

*Charles Fish* for Ladislav P. Novickey, defendant.

*Frank Rizzuto* for Marvin L. Vandermark, plaintiff.

*Morris Pouser* for R. Irene Briggs, as administratrix; plaintiff.

*Harry S. Travis* for Donald Grow, plaintiff in Action No. 3.

*William Night* for Donald E. Grow, defendant in Action Nos. 1 and 2.

Deyo, J.  The basic issue in all three of these actions is the same, the negligence of one or both of the drivers of the cars involved in the accident.  Neither the parties nor the courts should be compelled to litigate this same issue twice.  Although it would obviously be to the advantage of Grow to have a separate trial wherein he was the sole plaintiff and wherein his possible liability to the two passengers would not be an issue, that advantage cannot be considered " a substantial right " sufficient to defeat a motion for consolidation or joint trial.  To hold otherwise would in effect block almost any utilization of the principles underlying sections 96, 96-a and 97 of the Civil Practice Act.  I do not feel, however, that this is a proper case for consolidation.  " Consolidation " means a merger of the causes of action asserted.  Technically at least, it calls for but one judgment.  It limits the parties to but one bill of costs.  It eliminates all but one case.  Under the circumstances herein presented a strict " consolidation " would not only be undesirable, but nigh impossible.  What will really promote the ends of justice here is a joint trial rather than a consolidation.  Section 97 of the Civil Practice Act permits the Supreme Court to remove to itself an action pending in another court and a consolidation of that action with one pending in the Supreme Court.  Although no authority has come to my attention, I am of the opinion that under the broad discretionary powers of the court to determine the method of trial of litigated issues, a removal may be had either with or without consolidation.  Since the Legislature has specifically said that the court may remove causes to itself and consolidate them with pending actions, it would seem to follow that it may grant something less than that, to wit, removal only.  Once all of the actions have been brought into the same forum then, clearly, under section 96-a of the Civil Practice Act, they may be ordered tried together.

An order will therefore be granted removing action No. 3 from the County Court to the Supreme Court, and further directing that the three actions be tried together without consolidation.  Under this practice Grow, as plaintiff in action No. 3, will retain his right to open and close as to the other defendants, but not as to the other plaintiffs.  The conduct of his case wherein he is plaintiff will, of course, be under the direction of counsel of his own choosing.

I do not find that there has been laches or delay sufficient to defeat the motion.

Submit order accordingly.