ANNE E. MISTONE et al., Respondents, v. BENJAMIN HOLZMAN et al., Respondents. (Action No. 1.) LEONARD R. SMITH, Appellant, v. BENJAMIN HOLZMAN et al., Respondents. (Action No. 2.) — Defendants-respondents agreed to sell their house to appellant, title to close December 1, 1952, later adjourned to December 3, 1952. The contract contained no express provision making time of the essence. The closing did not take place as scheduled, due, it is alleged, to appellant's financial inability at that time. On December 13, 1952, defendants-respondents agreed to sell the property to plaintiffs-respondents at a substantially lower price, title to close December 29, 1952. That closing did not occur, due to the fact that appellant had filed a *lis pendens* against the premises on December 20, 1952. On December 29, 1952, appellant instituted an action for specific performance (Action No. 2), in which defendants-respondents counterclaimed for damages for breach of contract. On January

6, 1953, plaintiffs-respondents commenced suit for specific performance (Action No. 1). On March 9, 1953, Special Term granted an order (a) for a jury trial at Trial Term of the issues raised by the counterclaim in Action No. 2, the remaining issues therein to be tried thereafter at Special Term; and an order (b) directing a joint trial without consolidation, pursuant to section 96-a of the Civil Practice Act, to take place when Action No. 2 is reached for trial at Special Term. Upon this appeal from both orders, appellant asks that the jury trial be held not at Trial Term, but at Special Term, before the same Justice who is to try the equity phase of Action No. 2; and that the two actions be tried separately, not jointly. Orders affirmed, with one bill of $10 costs and disbursements. Defendants-respondents having made due demand, they are entitled to a jury trial of the issues raised by their counterclaim (Civ. Prac. Act, §§ 424–426; *Di Menna* v. *Cooper & Evans Co.*, 220 N. Y. 391; *Voges Mfg. Co.* v. *New York & Queens Elec. Light & Power Co.*, 261 App. Div. 377), which should be held at Trial Term (Rules Civ. Prac., rule 158; *City of New York* v. *Matthews*, 213 N. Y. 563; *Anahma Realty Corp.* v. *9 Avenue-31 St. Corp.*, 235 App. Div. 709; *Strauss & Co.* v. *American Credit Ind. Co.*, 203 App. Div. 361; *Goss* v. *Goss & Co.*, 126 App. Div. 748). The order for a joint trial herein is proper.· Notwithstanding that there are separate contracts of sale involved, the allegations in the pleadings show events and circumstances so interrelated that both causes of action for specific performance may be described as "growing out of the same set of facts". (2 Carmody-Wait on New York Practice, pp. 467–468; *White* v. *White*, 246 App. Div. 879; *Watkins Body Corp.* v. *Arditi Ltd.*, 279 App. Div. 619.) By its terms the order protects appellant against delay. Neither has he shown that a joint trial, which will enable the court to make a final disposition of the property which is the subject of both actions, will be otherwise prejudicial to him. (2 Carmody-Wait on New York Practice, p. 478; *Crandall* v. *Leach & Co.*, 222 App. Div. 292; *Tascio* v. *Citizens Bank of White Plains*, 254 App. Div. 881; *Vandermark* v. *Novickey*, 187 Misc. 733.) Under the circumstances, the determination of Special Term, in the exercise of its discretion, will not be disturbed. (*Dresdner* v. *Goldman Sachs Trading Corp.*, 240 App. Div. 242, 244; *Pollak* v. *Long Is. Lighting Co.*, 246 App. Div. 765; *Uterhart* v. *National Bank of Far Rockaway*, 255 App. Div. 859.) Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.