RAFAEL E. VIDAL, Individually and as Administrator of the Estate of MARIA VIDAL, Deceased, Plaintiff, v. SHEFFIELD FARMS CO., INC., Defendant. (Action No. 1.)

MELBA PEREZ et al., Plaintiffs, v. RAPHAEL VIDAL et al., Defendants. (Action No. 2.)

Supreme Court, Special Term, Bronx County, May 17, 1955, as amended May 26, 1955.

*Harry K. Ebenstein* for plaintiffs in Action No. 1.

*Louis I. Rothenberg* for plaintiffs in Action No. 2.

*Thomas R. Gallagher* for Sheffield Farms Co., Inc., defendant in Actions No. 1 and No. 2, and Fred Eichler, defendant in Action No. 2.

MATTHEW M. LEVY, J. Two actions are pending in this court. They arose as a result of a collision between two vehicles. Among other parties suing and sued, Rafael Vidal individually is a plaintiff in one and a defendant in the other. The actions were directed to be consolidated in pursuance of a motion in that behalf. In my memorandum granting the motion, I requested that the order to be entered be settled on notice. This has been done, and the parties have presented counterorders. They disagree upon certain provisions of the proposed order — such as in one the right to open and close is specifically mentioned and in the other no express direction is made. But they agree upon providing that the two causes are " consolidated into one action ", " and that the said Action No. 1 shall be tried with and at the same time as said Action No. 2 ". They agree too upon the style of the title of the consolidated action. They provide for a new single title, with Rafael Vidal named both as a plaintiff and as a defendant. Because these errors are very often made (and in the administrative processing of such orders apt to be overlooked), I have decided to write this memorandum to pinpoint them, in the hope that when members of the profession submit such orders to me in the future they will be guided accordingly.

At the outset, the parties should determine whether they desire organic consolidation (Civ. Prac. Act, § 96) or only joint trials (Civ. Prac. Act, § 96-a). While, frequently, there is little practical difference whether certain cases be actually consolidated or merely tried together (Prashker on New York Practice [3d ed.], pp. 501–502), at times it becomes quite inartistic and inconsistent — and possibly objectionable as contrary to what the litigants asked for or agreed to — to ignore or to confuse the facets and features indigenous to each of these techniques. The matter is not merely one of nomenclature and symmetry. It may become one of mechanics and perhaps of substance.

The provision for simultaneous trials may be likened to monovular twins — conceived together (" growing out of the same set of facts "), separated after birth (by the institution of separate actions) and now living apart. The court has brought them together to live in the same household, but only for a while, for after the joint trial they will be separated once again, to go their individual ways. On the other hand, the provision for genuine " consolidation " is more fundamental, somewhat like Siamese twins — legislatively begotten and judicially midwifed. In normal circumstances, they are expected to be

continued that way without later operative procedures for the purposes of separation after the joinder had appeared to serve its own purpose. And, legally and physiologically, each type of progeny should be recognized for what it is.

In the instant case, the proposed orders indicate confusion between the two types of remedies. For example, the parties provide in some clauses for consolidation. They discard the old titles of the old actions and ask that there be a new title. This new title, as suggested by counsel, is " X and Vidal, Plaintiffs, against Vidal and Y, Defendants." But, can Vidal be both a plaintiff and a defendant in the same action? Can one sue himself? The questions, it seems to me, permit of but one answer — " No ". This is not a case where Vidal is a plaintiff in one capacity and a defendant in another (as in a representative or derivative action); nor where Vidal is a plaintiff and then is impleaded or interpleaded by the defendant (as in a cross claim or third-party action). A party, in our adversary process of simple litigation, cannot be a protagonist in the action and at one and the same time be his own personal antagonist — and that is precisely what is meant by being a plaintiff and a defendant in the same case.

Where the parties desire organic consolidation — a joinder for all purposes of the litigation — the new title is one in which the litigants are merged, with only one group of plaintiffs and only one group of defendants. In such case, Vidal must be a plaintiff or a defendant — he cannot be both — and either he or his adversary should have his cause of action (originally pleaded in a complaint) considered either by way of complaint or by way of counterclaim. In such situation, the determination as to whether Vidal should be cast in the role of plaintiff or of defendant must necessarily be made by Special Term when formulating the order of consolidation — and, as a normal part of that ruling, will be the concomitant decision as to who is entitled to have the right to open and close. A defendant in the consolidated action is a codefendant of another defendant in that action (irrespective of whether or not that was their status in the separate prior actions), and, now being " on the same side ", certain remedies become available to them vis-à-vis each other (see, e.g., Civ. Prac. Act, §§ 264, 211-a). Costs will be taxed as in the action as a whole. Only one judgment will be entered.

If, however, the parties desire a joint trial — as distinguished from organic joinder — that may be done, and that arrangement will frequently satisfy the proper urge for timesaving pro-

cedure. In such case, the titles of the several actions necessarily remain the same — irrespective of duplication as to individual litigants or of placing the same litigant in a different status. For the respective titles of the several actions are continued as in each separate action, the same parties continuing as plaintiffs and as defendants without change. A defendant in one of several causes jointly tried is not *ipso facto* a codefendant of a defendant in another of such causes. The right to open and close may then more readily be left to determination at the trial. Separate verdicts are necessarily rendered. Costs are taxed as in the initial causes and courts, and an individual judgment is entered in each action.

A " joint trial " is generally what is desired by one litigant or the other when he sometimes seeks what he loosely calls " consolidation ". Whichever device is selected, the mechanics and procedure peculiar to each should be understood and followed. The respective parties should determine what they truly wish, and settle a new proposed order accordingly.