Frank Del Vecchio, J.
This is a proceeding under article 78
of the Civil Practice Act to compel the above-named respondent to enter a judgment in favor of the petitioner Nicholas Castanos in the amount of $32,500 plus costs. Hereinafter, Castanos will be referred to as “ plaintiff ”, the position which he occupied in the action which is the basis of this application.
The somewhat unique circumstances which give rise to the present proceeding may be summarized as follows:
On September 19, 1953 a collision occurred on the streets of Newark, New Jersey, between a bus owned by Public Service Coordinated Transport and an automobile owned and operated by Erisiny Theodore. Thereafter, a passenger in the bus, Nicholas Castanos, commenced an action in this county against Public Service and Mrs. Theodore for injuries allegedly sustained in the accident. Sometime later, the defendant Theodore commenced an action against Public Service, also in this county, to recover the damage to her vehicle which resulted from the collision. Still later, an order was granted without objection purporting to consolidate the two actions. However, Theodore being a plaintiff in one action and a defendant in the other, the eases could not be consolidated into one action (Vidal v. Sheffield Farms Co., 208 Misc. 438; Vandermark v. Novicky, 187 Misc. 733), and the court treated them as separate actions tried together.
*532 The cases were submitted to the jury on the afternoon of January 26, 1956, the ninth day of the trial. Early on the morning of the following day the jury advised the court attendants that they had reached an agreement and were returned to the courtroom for the announcement of their verdict. In response to the clerk’s question whether 10 or more had agreed upon a verdict in the action of Castanos against Public Service Coordinated Transport and Theodore, the foreman stated: “We find that the Public Service Coordinated Transport is negligent in the action brought against them by Nicholas Castanos and Mrs. Theodore and agree to award $32,500 to Mr. Castanos and also Mrs. Theodore’s garage bill be paid.’’ Such a verdict could be rendered only if the jury found that Public Service alone was negligent and that Mrs. Theodore was free from any negligence which contributed to cause the accident. However 10 did not agree upon that verdict as reported by the foreman, therefore the verdict was incomplete and an incomplete verdict is no verdict.
At the request of the attorney for the bus company the jury was polled. In the Castanos action 10 jurors, including juror No. 12, concurred in and two dissented from the verdict previously announced. In the property damage action however it appeared that only nine jurors were in favor of a verdict for Mrs. Theodore and three were opposed, including juror No. 12, who said: “ My vote on this is no cause for action ”. This was an indication that if he found the bus company was negligent he also found that Mrs. Theodore was guilty of contributory negligence and didn’t intend to vote a verdict in favor of Castaños against the bus company alone.
Thereupon, the court instructed the jury that their verdicts were inconsistent and reread the following portion of the original charge: “ You may render a verdict in favor of the plaintiff Castanos against both defendants, stating the amount. If you do that, to be consistent, you will also render a verdict of no cause for action in the case of Mrs. Theodore against Public Service for damages to her automobile, or you may render a verdict in favor of the plaintiff Castanos against the Public Service alone, stating the amount, and no cause for action against Mrs. Theodore. If you do that, to be consistent, you will also render a verdict in favor of Mrs. Theodore against the Public' Service for the damages to her automobile in the sum of $562.81, or you may render a verdict in favor of the plaintiff Castanos against the defendant, Mrs. Theodore alone, stating the amount and no cause for action against the defendant Public Service. *533 If you do that, to be consistent, you will render a verdict of no cause for action in the case of Mrs. Theodore against the Public Service for damages to her automobile.”
The jurymen were then returned to the jury room with a direction to arrive at a consistent verdict “ on both Cases ”, approved by 10 or more of their number. No exception to this procedure was taken by any of the parties.
Sometime later, at 2:06 a.m. the jury again entered the courtroom and, after answering in the affirmative the clerk’s question whether 10 or more had agreed upon a verdict in the action by plaintiff Castanos, the foreman stated: “We find that Public Service Coordinated Transport is negligent in the action brought against them by Nicholas Castanos and Mrs. Theodore and agree to award $32,500 to Nicholas Castanos and also Mrs. Theodore’s garage bill be paid.” (Note that this report of the verdict is in the same language as first reported.)
When the jury was immediately polled, however, it appeared that only nine jurors concurred in the verdict announced by the foreman. Thereupon the court observed that the jury was in disagreement and inquired of the foreman whether there was any possibility of their coming to an agreement. When informed that the jurors were hopelessly deadlocked the court declared a disagreement and discharged the jury.
Plaintiff now seeks to compel the entry of a judgment in the amount of $32,500, plus costs on the decision in his favor announced by the foreman when the jury first returned to the courtroom shortly after midnight on the morning of January 27, upon the ground that a complete verdict was rendered in his favor and that the verdict and the report of disagreement were not inconsistent or improper under the charge given.
The arguments advanced by plaintiff and the cases cited in support thereof have received the careful attention of this court which, however, is still of the opinion that no verdict in his favor has been received by Castanos.
It appears without contradiction that at the time the jury was discharged the vote in both actions stood at nine to three — one less than the number necessary to render a verdict in a civil action.
The court’s action in refusing to accept the verdict as first reported and directing the jury, to reconsider both cases, and in later discharging them and declaring a disagreement was predicated upon the following two conclusions:
First, the verdict as reported was not such as the jury, under the instructions of the court, legally was at liberty to render.
*534 Second, the decision of the jury did not become a final verdict until it was recorded and the jury discharged. At the time of discharge the jurors were at a nine to three disagreement as to the right of the plaintiff Castanos to recover.
With regard to the first conclusion mentioned above: In the course of the main charge the court instructed the jury: “ If upon all the proof in the case and the rules I have stated * * * you find that the driver of the bus was guilty of some negligence which was the direct cause of the accident, and that Mrs. Theodore was free from any negligence on her part, then your verdict must be in favor of the plaintiff Castanos against the defendant Public Service alone and no cause for action against the defendant Mrs. Theodore in the first action, and to be consistent you would also return a verdict in favor of Mrs. Theodore against the defendant Public Service in her action for the damages to the automobile ”.
At the conclusion of the instructions, the court stated the possible verdicts as follows: ‘‘ you may render a verdict in favor of the plaintiff Castanos against the Public Service alone, stating the amount, and no cause for action against Mrs. Theodore. If you do that, to be consistent, you will also render a verdict in favor of Mrs. Theodore against the Public Service for the damages to her automobile in the sum of $562.81 ”.
Thus, the court twice instructed the jury before its retirement that a verdict in the Castanos action against Public Service and in favor of Theodore should be accompanied by a verdict for Theodore in her action against the bus company. There was no exception to the charge. Therefore plaintiff is in no position to press the argument now presented. (Buckin v. Long Island R. R. Co., 286 N. Y. 146, 149; McCabe v. Cohen, 268 App. Div. 1064, affd. 294 N. Y. 522; Leonard v. Home Owners’ Loan Corp., 297 N. Y. 103.)
Disregarding the instructions thus given, however, the jury reported a verdict for plaintiff Castanos against Public Service, finding that its negligence alone caused the accident and that Theodore was not negligent, and a disagreement in the action by Theodore against the bus company. Under the charge previously given without exception, the results announced by the jury were clearly inconsistent. In that circumstance, the court was without authority to permit the verdict for Castanos to stand while directing a new trial of the property damage claim. Nor was it open to the court to guess at what factual conclusions the jury had reached and to sustain a verdict which might be supported by those findings. The rule applicable was stated *535 long ago in Gray v. Brooklyn Heights R.R. Co. (175 N. Y. 448) wherein the Court of Appeals after approving the practice of trying together claims arising out of a common accident, said (supra, p. 450): “ When, however, the two actions are thus tried together and inconsistent verdicts are rendered, we incline to the view that sound practice requires both verdicts to be set aside at once, without attempting by analysis of the evidence, or otherwise, to discover whether either should be allowed to stand. No other course is safe, for it cannot be told with reasonable certainty what facts the jury found. The presumption is that they willfully disregarded the instructions of the court and reached a conclusion by some method not warranted by law.” (See, also, Leonard v. Home Owners’ Loan Corp., 270 App. Div. 363, affd. 297 N. Y. 103, supra.) The only proper course was to refuse to receive the verdict as first found because it was not such a one as the jury, under the instructions of the court, legally was at liberty to render, and to send them back to reconsider the verdict. (Hatch v. Attrill, 118 N. Y. 383, 389.) In accordance with that rule, the court returned the jury to their deliberations with instructions to return verdicts on all the issues presented in compliance with the charge previously given. (Reilly v. Shapmar Realty Corp., 267 App. Div. 198,200.)
It is significant that, although counsel for all parties were present in the courtroom on this occasion, no timely objection or request was made to the court complaining of the procedure followed. Nor is there merit in plaintiff’s claim, made here for the first time, that the resubmission to the jury was understood by Castanos as relating only to the property damage claim of Theodore. It appears from the record that immediately before the jury returned to the jury room and after the court had repeated to them that portion of the charge pertaining to possible verdicts and had instructed them to retire to arrive at a consistent verdict, the attorney for the defendant Public Service specifically said, ‘‘ On both cases ’’, to which the court replied: “ On both Cases ”. Absent any objection after those remarks — which certainly made clear the scope of the jury’s renewed deliberation — plaintiff Castanos must be deemed to have acquiesced in a reconsideration of the personal injury action as well as the claim for property damage.
The eases of Flagg v. Provan (277 App. Div. 207) and Newburgh Transfer & Stor. Co. v. Pure Oil Co. (284 N. Y. 293), relied on by plaintiff, are not controlling since neither of the cases cited was submitted to the jury under instructions such as were given without objection in the present actions. More *536 over, the Flagg and Newburgh cases are factually distinguishable in that in neither case did a litigant appear both as plaintiff and defendant, nor was it necessary for the jury to determine the rights as between two parties occupying the same position.
This court is also of the opinion that no valid verdict has been received by plaintiff Castanos upon which judgment may be entered for the reason that, at the time of discharge, the jury was “ hopelessly deadlocked ” in a nine to three disagreement over the right of any party to a verdict in its favor.
Plaintiff Castanos claims that at some time previous to their discharge the jurors were in agreement as to a decision in the action commenced by him. Certainly, as will be discussed later, this is open to serious doubt, in view of the confusion exhibited by the foreman and juror No. 12 when the first report was announced. Assuming, however, that there was the necessary agreement at one time, it is well settled that the jury’s decision did not become final until it was recorded and the jury discharged. Until the time of discharge, any of the jurors had the right to withdraw his consent to the verdict to correct a mistake in form or to alter it in substance. (Warner v. New York Central R. R. Co., 52 N. Y. 437.) “ Prior to the discharge of the jury it was the prerogative of any juror to change his mind and to challenge the verdict about to be rendered.” (Spielter v. North German Lloyd S. S. Co., 232 App. Div. 104, 109; Porret v. City of New York, 252 N. Y. 208.) There being no agreement among 10 or more of the jurors at the time of discharge, there was no valid verdict in favor of the plaintiff Castanos upon which judgment might be entered by respondent.
In addition to the foregoing legal principles which in the opinion of this court require a dismissal of the present proceeding, there is a further consideration which impressed the court at the time of the jury reports. I refer to the obvious uncertainty and confusion which attended the jury’s deliberation and decisions.
On both occasions when the jury returned to the courtroom to render their verdicts, the foreman, being asked what the verdict was in the action of Castanos against Public Service and Theodore, made the following reply: “ We find that the Public Service Coordinated Transport is negligent in the action brought against them by Nicholas Castanos and Mrs. Theodore, and agree to award $32,500 to Mr. Castanos and Mrs. Theodore’s garage bill be paid. ’ ’
Given their plain meaning, the words thus spoken indicated a determination of the issues presented by both cases and a *537 decision that Castanos should recover $32,500 against Public Service while exonerating the driver Theodore who was to be awarded the amount of her property damage against the bus company. It became apparent however from the polling of the jurors at the time of their second appearance in the courtroom that the statement announced by the foreman did not then in any respect represent the decision of the required 10 jurors so as to constitute a verdict. When the above conclusions were separately stated and announced by the clerk in respect to the two actions being tried, no more than nine jurors were willing to assent to the ‘‘ verdicts ’’ put to them.
The occurrence just related casts doubt upon the genuineness of the foreman’s first report — a portion of which plaintiff now claims as a legal verdict in his favor — and raises serious question whether the decision as announced, or any part of it, accurately represented the determination of the required number of jurors. Certainly, when the foreman’s report was segregated and read back to the jury in the forms appropriate to the two cases being considered, it did not represent the decision of the necessary 10 jurors as to the right of Mrs. Theodore to a verdict.
When it is recalled that the only narrative verdict announced by the foreman was in the form quoted above, in which he attempted to combine the decision in both cases, stating in effect that the bus company alone was negligent and that Castanos and Theodore should recover against it, the refusal of juror No. 12 to agree with the award to Mrs. Theodore takes on added significance. Since, by the foreman’s statement, the basis for recovery by Castanos and Theodore was one and the same — viz., a finding that the bus company alone was negligent — certainly the refusal by juror No. 12 to award Theodore a verdict creates at least a suspicion that he also disagreed with the factual finding of negligence which was essential to a verdict in Castanos’ favor against the bus company alone. That suspicion was later strengthened by his dissenting vote in the second poll on a verdict in the Castanos action which resulted in a disagreement of nine to three.
The court does not intend to suggest that the conclusion implied above is the correct or only possible one. However, as previously pointed out, it is not the function of the court by speculation to divine the thinking of the jury. What has been said serves only to indicate the obvious confusion and uncertainty which surrounded the decisions and “ verdicts ” of the jury. Bearing in mind that the events related above occurred in the early morning hours after more than eight hours of deliberation, this court is of the opinion, from its observations *538 in the courtroom strengthened by a reading of the transcript, that the jury failed ever to arrive at a proper legal verdict concurred in by 10 or more of their number.
For all of the reasons stated herein, the petition is denied and the proceeding dismissed.
Order accordingly.