■ ANGELINA CICERO et al., Respondents, v. JOHN A. BERARDI, Respondent. (Action No. 1.) MARY GAGGINI et al., Respondents, v. ANGELINA CICERO et al., Appellants, and JOHN A. BERARDI et al., Respondents. (Action No. 2.) — In an action by the operator and by the owner of a motor vehicle to recover damages for personal injury, property damage, medical expenses and loss of services (Action No. 1); and by passengers in the automobile of plaintiffs in Action No. 1 and by the husband of one of the passengers, to recover damages

688

for personal injury, medical expenses and loss of services from the operators and owners of three motor vehicles involved in an automobile accident (Action No. 2), defendants Cicero (who are also the plaintiffs in Action No. 1), as defendants in Action No. 2, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County, dated August 9, 1962, as denied their motion to consolidate the two actions. The only paper filed in " opposition " to the motion was one by the attorney representing said appellants as plaintiffs in Action No. 1, who consented to the consolidation but requested that plaintiffs in Action No. 1 be given the right to open and close. Order, insofar as appealed from, reversed, without costs; motion granted to the extent of directing consolidation of the two actions; and plaintiffs in Action No. 1 given the right to open and close. Both actions arose out of the same accident. Except for the question of damages, they involve substantially the same issues; and, except as to damages, presumably the same witnesses would testify at each trial if the actions were not consolidated. There was no opposition to the motion to consolidate and there was no indication that consolidation would prejudice a substantial right. Under the circumstances, Special Term improvidently exercised its discretion in denying the motion (*Tascio* v. *Citizens Bank of White Plains,* 254 App. Div. 881; *Kelly* v. *John Vogel, Inc.,* 279 App. Div. 797; *Shlansky & Bro.* v. *Grossman,* 273 App. Div. 544; *Meyer* v. *Merritt,* 7 A D 2d 917). In denying the motion, Special Term granted leave to renew it upon compliance with the condition, *inter alia,* that all pretrial proceedings shall have been completed or waived. Under such condition, if Mrs. Cicero and Berardi wished to fully protect their rights and to have the examination of each other available as evidence in chief, they would be required to conduct separate examinations of each other in each action. In our opinion, in the circumstances shown herein, an unreasonable condtition was imposed as a prerequisite for the renewal of the motion. Hence, the order denying the consolidation is appealable, regardless of its provision granting leave to renew (cf. *Mangiamele* v. *Mangiamele,* 277 App. Div. 786). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.