HAROLD LEON et al., Respondents-Appellants, *v.* HERBERT P. GLASER et al., Respondents-Appellants, and WALTER GLASER et al., Appellants-Respondents.

First Department, July 7, 1966.

*Howard L. Kuttner* of counsel (*Eugene L. Sugarman* with him on the brief: *Sugarman, Kuttner & Fuss,* attorneys), for Harold Leon and others, respondents-appellants.

*James Lawrence Garrity* of counsel (*Burt A. Lewis* with him on the brief; *Garrity, Connolly & Mohr,* attorneys), for Herbert P. Glaser, respondent-appellant.

*Jeremiah F. Cross* of counsel (*Cross, Saver & O'Shea,* attorneys), for Frieda Glaser, respondent-appellant.

*Solomon P. Glushak* for Walter Glaser and others, appellants-respondents.

STEVENS, J.   On October 1, 1952 Harold Leon and Herbert P. Glaser were equal partners in the partnership known as G. A. L. Electro Mechanical Service (Electro) which was engaged in the manufacture of electrical elevator devices.   On that date Leon and Glaser created identical trusts, Glaser transferring 22½% interest in Electro to Frieda Glaser as trustee (trustee Glaser) for the benefit of the three Glaser children (Glaser beneficiaries)

and Leon transferring a 22½% interest in Electro to Dorothy Leon as trustee for the benefit of two Leon beneficiaries, Stanley and Albert Leon, sons of Harold and Dorothy Leon. The trusts by their terms were to terminate October 1, 1965 at which time the trustees were to turn over to the respective beneficiaries the principal of their respective trusts '' in kind.''

On the same day, October 1, 1952, settlors Glaser and Leon and trustees Frieda Glaser and Dorothy Leon, acting as trustees, entered into a partnership agreement as general partners in Electro. The partnership agreement provided among other things that it would run to October 1, 1967 and in paragraph 18 of said agreement it was declared '' upon the termination of any trust under either of the declarations of trust whose trustees are parties hereto, the beneficiary of such trust, if he or she so desires, shall be admitted as a partner to the extent of the amount of his capital contribution to the partnership.'' There was no express provision for the eventuality if any of the beneficiaries did not elect to become partners upon the termination of the trust. From October 1, 1952 to the commencement of this action, July 23, 1965, the four partners operated the business of Electro, which was highly successful.

Prior to the termination of the trusts and by letter dated June 10, 1965, the Glaser beneficiaries notified the four partners that they did not elect to become partners after October 1, 1965, and contended that the partnership would terminate on October 1, 1965, insofar as their interests were concerned and demanded an accounting and distribution of their 22½% of the partnership. By letter of June 22, 1965, counsel for the Glaser beneficiaries confirmed their intention to withdraw their interest on October 2, 1965. July 9, 1965 the Leon beneficiaries had similarly indicated an intention to withdraw their interest. However, by letter dated July 20, 1965 the Leon beneficiaries notified the partners that their earlier letter should be disregarded and should be considered void and that they intended to join the settlor Leon and trustee Leon in all actions to continue the partnership to October 1, 1967. July 9, 1965 counsel for trustee Glaser notified the other three partners that no action should be taken binding such trustee's interest in Electro after October 1, 1965. July 14, 1965, the attorneys for Harold and Dorothy Leon sent a letter to trustee Glaser's attorney stating even though trustee Glaser's connection with the partnership would end October 1, 1965, she was required to co-operate in the business with the view of continuation of the partnership until October 1, 1967. July 16, 1965, settlor Glaser's attorney by letter notified the other three partners and the Glaser bene-

ficiaries that in the event of the election of the Glaser and the Leon beneficiaries not to become partners such action constituted dissolution of the partnership and that plans should be made for orderly distribution of the assets and the respective interests . Memoranda were exchanged between the two settlors, settlor Glaser expressing the view that steps should be taken to commence an orderly liquidation of the business and settlor Leon demanding that no steps be taken inconsistent with the normal conduct of the business. By a memorandum dated July 22, 1965, settlor Glaser asked settlor Leon to work out an orderly means of distribution of the total 45% interest of the Glaser and Leon beneficiaries as had been requested by them.

This action was commenced July 23, 1965. The complaint contains a single cause of action for declaratory judgment of the rights of three of the defendants, Walter Glaser, Herbert W. Glaser and Elinor Seifried (Glaser beneficiaries). The complaint sought a declaration that the defendants might not elect until October 1, 1965 to be admitted as partners in the partnership, and that in the event they or any of them did not elect to be admitted as partners in Electro they should receive from Frieda Glaser as trustee the principal of their respective interests in kind in the form of an interest in the partnership without requiring a liquidation thereof, and that thereupon their respective interests in Electro should remain invested in the partnership business at the risk of the business until October 1, 1967. Plaintiff also sought to enjoin the Glaser beneficiaries until October 1, 1967, from interfering in the regular and normal operations of Electro. As to the defendants Herbert P. Glaser and Frieda Glaser, individually and as trustee under the indenture of trust made by Herbert P. Glaser on October 1, 1952, the plaintiffs sought judgment declaring that in the event disagreement or dispute arose in the course of the partnership business the partners should submit same to arbitration and that pending such arbitration Herbert P. Glaser and Frieda Glaser, individually and as trustee, be enjoined from doing any acts which might interfere with the regular and normal course of business of Electro.

In essence, the plaintiffs sought a declaration that the Glaser beneficiaries could not withdraw their interest on October 1, 1965, and that the question of the termination date of the partnership should be submitted to arbitration. Defendant Herbert P. Glaser, the settlor, sought a declaration to the effect that if the Glaser beneficiaries were permitted to withdraw their interest on October 1, 1965, such act would cause a dissolution of the partnership by operation of law.

On July 20, 1965, settlor Harold Leon served a demand for arbitration which sought a determination as to the date the partnership would terminate; that Herbert P. Glaser be directed to perform his obligations to the partnership as provided for in the partnership agreement; that an award be made determining that the partnership was to terminate October 1, 1967; that an award be made that on October 1, 1965 trustee Glaser and trustee Leon be directed to transfer and pay over in kind their respective interests as copartners to the beneficiaries of their respective trusts without requiring liquidation of the partnership, and that until October 1, 1965, the trustee partners should consider ineffectual any notice by the beneficiaries of their respective trusts of an election not to become partners.

July 23, 1965 after demand for arbitration the plaintiffs obtained an order to show cause which was served together with the complaint upon the defendants. Part of the relief sought in this order to show cause was to compel the Glaser partners to submit to arbitration and an injunction was sought also. The defendants opposed the motion for arbitration and settlor Glaser cross-moved for a stay of arbitration. Defendants also opposed the granting of an injunction and sought in the event that an injunction be granted that the plaintiffs be required to post an undertaking. Trustee Glaser requested the appointment of a temporary receiver to conserve the assets of the business until the determination of the controversy.

On September 20, 1965, Special Term denied a stay of arbitration, denied the appointment of a temporary receiver, denied the application of plaintiffs for injunctive relief, denied settlor Glaser's application for summary judgment, directed all of the partners to submit to arbitration, and of its own motion dismissed the complaint as premature. The Glaser beneficiaries, settlor Glaser and trustee Glaser by separate notices appealed from the order entered September 20, 1965 except insofar as it denied the plaintiffs' motion for injunctive relief against the respective parties. Settlor Leon and trustee Leon appeal only from that portion of the order which dismissed the complaint *sua sponte* for legal insufficiency as premature but without prejudice, and that portion which denied injunctive relief.

From the record and the briefs it appears that arbitration has already taken place and that a motion is presently pending to confirm the award. It might be noted that subsequent to the institution of this action the Glaser beneficiaries commenced a separate action against the Leon beneficiaries, Electro, settlor Leon and trustee Leon and settlor Glaser. In such action they sought a declaratory judgment declaring the rights of the

respective parties under the trust indenture and partnership agreement, demanded an accounting, and sought the appointment of a receiver. The disposition of a motion made in that case is the subject of a separate appeal.

It is clear that a real controversy exists between the parties and that a declaration of their status and respective interests is desirable. The action of the Glaser beneficiaries was stayed until arbitration could be had. In the interests of fairness and orderly procedure a joint trial of the separate actions should be directed. (See *Vidal* v. *Sheffield Farms Co.*, 208 Misc. 438.) Accordingly the order appealed from should be modified on the law, the facts and in the exercise of discretion to the extent of vacating the dismissal of the complaint, ordering a stay coextensive with the stay granted in the action brought by the Glaser beneficiaries against the Leons, Herbert P. Glaser and Electro, and the order is otherwise affirmed. The parties may promptly move to vacate such stay upon conclusion of the proceedings to confirm the arbitration award by entry of the order thereon, with a right to a preference upon vacatur of the stay. Leave is hereby granted to the respective parties to file such amended or supplemental pleadings as may be necessary or deemed advisable and to seek an early and immediate trial of the issues, without costs or disbursements to either party. Settle order on notice.

RABIN, J. P., McNALLY, EAGER and WITMER, JJ., concur.

Order, entered on September 20, 1965, unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of vacating the dismissal of the complaint, ordering a stay coextensive with the stay granted in the action brought by the Glaser beneficiaries against the Leons, Herbert P. Glaser and Electro, and the order is otherwise affirmed, without costs and without disbursements. The parties may promptly move to vacate such stay upon conclusion of the proceedings to confirm the arbitration award by entry of the order thereon, with a right to a preference upon vacatur of the stay. Leave is hereby granted to the respective parties to file such amended or supplemental pleadings as may be necessary or deemed advisable and to seek an early and immediate trial of the issues. Settle order on notice.