WALTER GLASER et al., Appellants, *v.* HAROLD LEON et al., Respondents, and HERBERT P. GLASER, Respondent-Appellant.

First Department, July 7, 1966.

*Solomon P. Glushak* for appellants.

*Howard L. Kuttner* of counsel (*Eugene L. Sugarman* with him on the brief; *Sugarman, Kuttner & Fuss,* attorneys), for respondents.

*James Lawrence Garrity* of counsel (*Burt A. Lewis* with him on the brief; *Garrity, Connolly & Mohr,* attorneys), for respondent-appellant.

STEVENS, J. In the appeal by the group referred to in the companion appeal as the Glaser beneficiaries, such beneficiaries' appeal from an order entered March 4, 1966 which denied their motion for an undertaking pursuant to section 75 of the Partnership Law and which granted the cross motion of the defendants Leon to stay the action of the Glaser beneficiaries until arbitration be had. The facts have been set forth at length in the companion appeal (*Leon* v. *Glaser* [26 A D 2d 166]) and will not be repeated here at length. As indicated, sometime in or about October, 1965 the Glaser beneficiaries commenced an action to obtain a declaration of their rights as of October 1, 1965, the date of the termination of the trust, to have an accounting of the assets and transactions of the business of Electro and for payment to them of their interest in Electro. After joinder of issue, in which the Leon defendants asked for dismissal of the complaint, defendant settlor Glaser in his answer admitted that plaintiffs were entitled to an accounting and payment of their 22½% interest. The plaintiffs moved for summary judgment

and for an order pursuant to section 75 of the Partnership Law directing that the defendants furnish an undertaking or in the alternative for the appointment of a receiver of the business property, etc. of Electro on the grounds that there is no substantial issue of fact and that the plaintiffs were fearful of the defendants causing a depletion of the property of Electro. Defendants Leon and Electro cross-moved to stay the action until arbitration be had and until appeals pending in the Appellate Division in the companion action be disposed of on the ground that the determination of the arbitration proceeding and the determination of the appeals would be dispositive of the issues in the action instituted by the plaintiffs. Defendant settlor Glaser opposed the Leons' motion for a stay but did not challenge the right of the plaintiffs to an accounting.

Special Term denied the plaintiffs' motion for an undertaking under section 75 of the Partnership Law or for the appointment of a receiver and granted the cross motion of the defendants Leon to stay the action until arbitration be had. It is from such determination that the plaintiffs take this appeal.

From the record and the briefs it appears that arbitration has taken place and that a motion to confirm the award was pending at the time of the argument of this appeal. Accordingly the order appealed from should be affirmed without prejudice to a motion to vacate the stay upon conclusion of the arbitration proceeding and to direct a joint trial (see *Vidal* v. *Sheffield Farms Co.*, 208 Misc. 438). Leave should be granted to the parties to apply for a preference of the trial of the action with leave also to serve and file such amended or supplemental pleadings as the parties deem necessary or advisable. This disposition is without costs or disbursements to any party.

Settle order on notice.

RABIN, J. P., McNALLY, EAGER and WITMER, JJ., concur.

Order, entered on March 4, 1966, unanimously affirmed without prejudice to a motion to vacate the stay upon conclusion of the arbitration proceeding and to direct a joint trial. Leave is granted to the parties to apply for a preference of the trial of the action with leave also to serve and file such amended or supplemental pleadings as the parties deem necessary or advisable, without costs or disbursements. Settle order on notice.