Rosetta D. Levy, Appellant, v. Isidor Portugal, William Tesser, Michael Wolf and Abraham M. Pariser, Respondents. Four A Realty Corporation, Respondent, v. Rosetta D. Levy, Appellant.— Order consolidating actions conditionally, reversed upon the law, with ten dollars costs and disbursements, and motion to consolidate unconditionally granted, with ten dollars costs. The subject-matter of both suits concerns an agreement made in writing between the parties in reference to the purchase and sale of certain real property. Action No. 1 is brought by the vendor against the vendee for specific performance of the contract as signed, provided it be construed as requiring the vendees to execute their personal bond as security for the unpaid purchase price for which the mortgage was to be taken; and if not, then that the contract be reformed in accordance with

---

* See New Jersey Laws of 1848, p. 151, as amd. by New Jersey Laws of 1913, p. 586, chap. 287; New Jersey Laws of 1917, p. 531, chap. 180; 2 Comp. Stat. N. J. 1907, § 7; Id. 1908, § 8; 1 Cum. Supp. Comp. Stat. N. J. (1911–1924), 927, § 55—8; Id. 928, § 55—10; Decedent Estate Law, § 130 *et seq.*, as added by Laws of 1920, chap. 919.— [Rep.

† See 216 App. Div. 770; Id. 816; Id. 844; *ante*, p. 758.— [Rep.

the agreement of the parties so as to require the execution of such a bond and mortgage, and for specific performance as reformed. Action No. 2 is brought by the assignee of the vendees for the recovery of the down payment made at the time the contract was executed, and of the costs and expenses of examination of title, and also to have a lien impressed upon the land for the amount thereof. Consolidation will obviate the necessity of a trial of two actions in which substantially the same issues would be litigated, and will permit the adjudication of the entire controversy in one trial. The subject-matter is so closely connected in both actions that consolidation may be had without prejudice to the substantial rights of either party. (See *Marinaro* v. *Pecoraro*, 206 App. Div. 622; *Brody* v. *Madison Lunch, Inc.*, 199 id. 640; *Epstein* v. *Gluckin*, 233 N. Y. 490; *Flickinger* v. *Glass*, 222 id. 404.) Kelly, P. J., Rich, Manning, Kapper and Lazansky, JJ., concur.