THE WINCHESTER-SIMMONS COMPANY, Respondent, *v.* WALLACE D. SIMMONS and Others, Appellants.

First Department, March 2, 1928.

**Corporations — stock — estoppel — action to restrain defendants from claiming any interest in stock of corporation — plaintiff purchased certificate of Massachusetts trust on representation that trust owned all stock of corporation whose stock is involved here — complaint alleges that said corporation refused to transfer stock on ground that defendant claims interest therein — plaintiff is entitled to relief in equity.**

The plaintiff corporation was organized for the purpose of acquiring a controlling interest in two other companies. One of the defendants transferred his certificates in a Massachusetts trust to the plaintiff and at that time represented that said trust owned all the stock of another corporation. The stock of said other corporation stood in the name of the other defendant. When it was sought to have the stock of the corporation transferred on the books, transfer was refused on the ground that the defendant claimed some interest in or ownership of the stock.

The plaintiff is entitled to equitable relief if the facts alleged are true and it appears that it was induced to purchase the stock on false representations or that the said defendant is now making false representations of ownership of the stock.

The plaintiff has no relief by means of a representative action through the Massachusetts trust, for it is the party directly aggrieved by the false representations of the defendant as to the ownership of the stock.

An action at law to recover damages would not afford an adequate remedy as said corporation, the stock of which was not transferred, is a closed corporation, and its stock has no market value and could not be purchased on the market. Under such circumstances the plaintiff is entitled to the specific thing purchased.

APPEAL by the defendants from an order of the Supreme Court entered in the office of the clerk of the county of New York on the 22d day of October, 1927.

*Bert Hanson* of counsel [*John McG. Goodale* with him on the brief; *Goodale & Hanson*, attorneys], for the appellants.

*James H. McIntosh* of counsel [*Alexander & Green*, attorneys], for the respondent.

FINCH, J. The parties interested in the Winchester Company and the Associated Simmons Hardware Company, a Massachusetts trust, formed a plan to organize a corporation to acquire a controlling interest in these concerns. Pursuant to this plan the plaintiff corporation was organized and to it the defendant Wallace D. Simmons transferred his certificates in the Massachusetts trust. At the time of the transfer he represented to the plaintiff that the

Massachusetts trust owned all the stock of the Enders Sales Company and the price paid to him by the plaintiff was based on that representation. The stock of the Enders Sales Company stood in the name of the defendant Price. Thereafter, the Massachusetts trust made a trust indenture to two banks to secure a loan. Among the securities so pledged were the stock certificates of the Enders Sales Company made out to and indorsed by Price. The indenture provided that the trustee-banks might at any time transfer the stock of record to their own names. When they sought to do so, the Enders Sales Company refused to make the transfer on its books on the ground that the defendant Simmons claimed ownership thereof or some interest therein. On these allegations plaintiff seeks a judgment restraining the defendants Simmons and Price from claiming any interest in the stock and directing the Enders Sales Company to make the transfer to the trustee-banks.

Plaintiff claims that this complaint sets forth an equitable action to enforce an estoppel.

The order appealed from should be affirmed. It is conceded that the defendant Simmons induced the plaintiff to purchase from him his stock in the Simmons Hardware Trust at an enhanced price by representing that said Simmons Trust owned all the stock of the Enders Sales Company. Simmons now is claiming an individual interest in this stock and the plaintiff is bringing this equitable action to enjoin Simmons from setting up such a claim contrary to his previous representation. It is urged that such a cause of action does not lie because the representation which the plaintiff acted upon was then and is now true, and that the claim which Simmons is now making and which the plaintiff is seeking to enjoin, is the false claim. It makes no difference whether the representation first made was true then and false now or false then and true now. The principle underlying the cause of action is the same in either case, and has been well stated by the Court of Appeals in *Trustees, etc.,* v. *Smith* (118 N. Y. 634), where Judge BROWN said: " The authorities in this State are all harmonious on the subject of estoppel *in pais.*

" When a party, either by his declarations or conduct, has induced a third person to act in a particular manner, he will not afterwards be permitted to deny the truth of the admission if the consequence would be to work an injury to such third person or to some one claiming under him. (*Wendell* v. *Van Rensselaer*, 1 Johns. Ch. 344, 354; *Storrs* v. *Barker*, 6 id. 166; *Town* v. *Needham*, 3 Paige, 545; *Dezell* v. *Odell*, 3 Hill, 215; also see dissenting opinion of Judge BRONSON, approved in [*Finnegan* v. *Carraher*] 47 N. Y. 500; *Brown* v. *Sprague*, 5 Denio, 545; *Plumb* v. *Cattaraugus C. M.*

*Ins. Co.*, 18 N. Y. 393; *Welland Canal Co.* v. *Hathaway*, 8 Wend. 483; *Thompson* v. *Blanchard*, 4 N. Y. 303; *Cont'l Nat. Bk.* v. *Nat. Bk. Commonwealth*, 50 id. 575; *Armour* v. *M. C. R. R. Co.*, 65 id. 111–122; *N. Y. Rubber Co.* v. *Rothery*, 107 id. 310–316.) " To the same effect see *Brewster* v. *Baker* (16 Barb. 613) and *Matter of Romford Canal Company* (L. R. 24 Ch. Div. 85). Equity would indeed be impotent if it afforded no remedy where a seller induced a sale by making a true statement at the time of sale and subsequently was inflicting irreparable damage upon the buyer in derogation of the subject of the sale by asserting false claims.

It is further urged that the plaintiff has relief by means of a derivative action through the Associated Simmons Hardware Company, and it is at the same time pointed out that this derivative cause of action is not sufficiently alleged, thereby reaching the conclusion that the complaint should be dismissed. The plaintiff disclaims any intention of attempting to set up a derivative cause of action, pointing out that the cause of action which the plaintiff is asserting is one independent of any derivative action. The defendant Simmons may have a perfect legal title to the stock and the Simmons Hardware Company may be powerless to resist such claim, since no representations were made by Simmons to the hardware company and hence no element of estoppel exists in its favor. The plaintiff, upon the other hand, is a party directly aggrieved, having purchased upon the representations of the defendant Simmons that the corporation whose stock was purchased, owned and controlled said subsidiary and said representations constituted the basis for the price paid by the plaintiff for the trust certificates. Not only did said representations materially affect the price paid for the stock, but it is alleged that the plaintiff would not have entered into the transaction if the said subsidiary had not been owned by the trust, a majority of whose stock the plaintiff purchased. An action at law for damages for the misrepresentations will not afford an adequate remedy, since the Enders Sales Company is a component part of the corporation whose stock was purchased. It further appears that said Enders Sales Company is a closed corporation, having only one hundred shares of stock, of which ninety-six were pledged under the trust indenture, and that there is no market for the stock. It further appears that said corporation had a surplus of over $500,000 and, with a capital stock of $10,000, earned over $80,000 in a half year. Under such circumstances the plaintiff is entitled to the specific thing purchased and should not be relegated to an action at law to determine the value of the property purchased as a unit in the Simmons Trust.

The following language by Judge POUND in *Waddle* v. *Cabana* (220 N. Y. 18) is pertinent: " The value of the stock in suit can be ascertained only in the most speculative way. A contract for the purchase of stock freely sold in the market' would not be thus enforced, for an adequate remedy at law exists in such cases, but to deny this remedy when the stock has no ascertainable value, is nearly all owned by one man and can be obtained only from him, and only as a favor and for special reasons, would be to deny to appellant the substantial benefit of the contract (*Butler* v. *Wright,* 103 App. Div. 463; revd., 186 N. Y. 259; *Adams* v. *Messinger,* 147 Mass. 185, 188; *Northern Cent. Ry. Co.* v. *Walworth,* 193 Penn. St. 207), and defeat the relief which should in conscience be given. On the law, the appellant was entitled to the judgment of the trial court, and it was error to reverse on the law."

It follows that the order appealed from should be affirmed, with ten dollars costs and disbursements.

DOWLING, P. J., MERRELL, McAVOY and PROSKAUER, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.