FRANCIS V. HURLEY, Respondent, *v.* JACK ROSE, Otherwise Known as J. J. ROSE, Appellant, Impleaded with Others, Individually and as Copartners, Trading as ROTISSERI GARDENS, Defendants. (Action No. 1.)

FRANCIS V. HURLEY, Respondent, *v.* JACK ROSE, Otherwise Known as J. J. ROSE, Appellant, Impleaded with Others, Individually and as Copartners, Trading as ROTISSERI GARDENS, Defendants. (Action No. 2.)

First Department, October 28, 1932.

*Jerome A. Strauss* of counsel [*Louis L. Quasha,* attorney], for the appellant.

*Thomas R. Hart, Jr.,* of counsel [*Charles J. McDermott* with him on the brief; *McDermott & Turner,* attorneys], for the respondent.

TOWNLEY, J. In these actions the parties are the same. The plaintiff, however, is suing as an assignee. His two separate claims are derived from different parties and do not grow out of the same transaction. In one action plaintiff is the assignee of the Van Ness Lumber Company and sues to recover for building supplies and money loaned the defendants. The action was commenced in December, 1931, and the cause was noticed for trial for the February, 1932, term. In the second action, which was commenced in February, 1932, plaintiff is suing as assignee of one Grassi for work, labor and services furnished the defendants. This action was noticed for the April term.

It is perfectly clear that if these actions were brought in the names of the assignors, the original owners of the claims, by no process of reasoning could the actions have been consolidated. There are no common facts to litigate. If the existence of the partnership as urged in the dissent were a sufficient " common fact," any number of different claims might be combined in one

action on the theory that one defendant disclaimed partnership liability.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

McAvoy and O'Malley, JJ., concur; Finch, P. J., and Martin, J., dissent and vote for affirmance.

Finch, P. J. (dissenting). The learned justice at Special Term was right in ordering one trial of these two actions and his order should be affirmed.

The plaintiff by assignment is the owner of two separate causes of action against the defendants. In the one case for goods sold and delivered and money loaned by the Van Ness Lumber Company to the defendants, and in the other, for services rendered and electrical equipment furnished to the defendants by one Grassi. Separate actions were instituted by the plaintiff. Plaintiff moved to consolidate these actions, alleging that in the spring of 1931 the defendant Rossitto was the owner or in control of certain lands and buildings in New Jersey and formed a partnership or joint venture with the defendants Clavarino and Rose to develop the property as a roadside rotisserie. It is further alleged that pursuant to that enterprise the defendants solicited the Van Ness Lumber Company and Grassi, plaintiff's assignors, to furnish the materials and render services for which recovery is now sought.

In each action the defendant Rose is the only defendant who has appeared. His answer in each case is in effect a general denial of the allegations of the complaint. Upon a motion for a preference made by the plaintiff, it appears from an affidavit of Rose that he intends to rely, in defense of the aforesaid actions, upon the contention that at the times alleged in the respective complaints he was not a partner of the other two defendants; that he did not order the materials or services in question and authorized no one to do so on his behalf.

We thus have a situation where there are pending two actions between the same parties in which the most vital issue is the alleged partnership between the defendants. The determination of this issue will in each case involve identical proof. The consolidation of the two actions makes for expedition, conservation of the time of the court, avoids duplication of effort, saves unnecessary expense and, under the facts of this case, may insure the presence of witnesses residing outside of the State. It appears that most of the witnesses to be called for the plaintiff in both actions are residents of New Jersey. Hence their attendance in this jurisdiction cannot be compelled and while it may be possible to secure their voluntary

appearance for one trial, this may not be possible for two trials. Furthermore, the consolidation works no prejudice to the defendants. The only limitation now interposed by the Civil Practice Act to the consolidation of causes of action is that contained in section 96 of the Civil Practice Act, namely, when it will occasion prejudice to a substantial right. (*Lee* v. *Schmeltzer*, 229 App. Div. 206, 207.)

This section 96 of the Civil Practice Act made a substantial change in the practice as theretofore required by section 817 of the Code of Civil Procedure. Under the latter section, in order to have consolidation, it was necessary that the actions should be in the name of the same plaintiff and against the same defendant and that they should fulfill other requisites as laid down by the Legislature. The Civil Practice Act contains no such limitation and grants to the court the power to consolidate actions whenever it can be done without prejudice to a substantial right. (*Goldey* v. *Bierman*, 201 App. Div. 527.) To have the Legislature prescribe the procedure for the courts, even to minute details, is as much of an anomaly as if the courts should attempt to prescribe procedure for the Legislature, and the latter perhaps would have had the more reason. Within the limits of this anomaly, however, there should be such liberal construction as to simplify practice and expedite justice in so far as the power lies within the courts so to do.

The order of consolidation was, therefore, properly granted and should be affirmed.

MARTIN, J., concurs.

In each action: Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.