JOHN E. DATZ, Respondent, *v.* ECONOMY COTTON GOODS
STORES, INC., Appellant.

(Submitted December 15, 1933; decided January 9, 1934.)

*Emanuel Levy* and *Benjamin H. Berman* for appellant.
Since the issues involved in each of the actions are
identical, the County Court should have consolidated
the actions. (Civ. Pr. Act, §§ 69, 74, 96, 97; *Greene* v.
*Beacorn,* 145 Misc. Rep. 870; *Sternberg* v. *Bergman,* 140

Misc. Rep. 569; *Curry* v. *Earll*, 209 App. Div. 205; *Melker* v. *Guarino*, 135 Misc. Rep. 548.)

*Edward E. Edstrom* for respondent. The granting or denying of a motion to consolidate rests in the discretion of the court. (*Dexter Sulphite Pulp & Paper Co.* v. *Hearst*, 206 App. Div. 101.) The County Court did not have power to consolidate these cases. (*Blumenthal & Co.* v. *Tiedemann & Sons, Inc.*, 118 Misc. Rep. 560; Civ. Pr. Act, § 1572.)

O'BRIEN, J. Plaintiff instituted an action in the County Court for rent and later began another action in Justice's Court to recover rent during a time subsequent to the time embraced in the action in the County Court. In both actions the defense pleaded was the same. Defendant moved in the County Court for an order consolidating the two actions and its motion was denied. The Appellate Division affirmed by a divided court and certified the question whether power resides in the County Court to consolidate the actions.

Section 96 of the Civil Practice Act provides in the broadest terms that actions may be consolidated whenever it can be done without prejudice to a substantial right, and section 97 in these words confers this power specifically upon the Supreme Court: " Where one of the actions is pending in the Supreme Court and another is pending in *another* court, the Supreme Court, by order, may remove to itself the action in the *other* court and consolidate it with that in the Supreme Court." By sections 69 and 74 of the Civil Practice Act the County Court is vested with such power as would be possessed by the Supreme Court under section 97 if these two actions were pending in the Supreme Court and in the Justice's Court. Section 97 of the Civil Practice Act is a re-enactment of section 818 of the Code of Civil Procedure and sections 69 and 74 of the Civil Practice Act are substantial re-enactments of section 348 of the Code of Civil Procedure. Section 1572 of the Civil

Practice Act directs: " A provision of this act which is a substantial re-enactment of a provision of the Code of Civil Procedure which, by the terms of such code, was expressly made applicable to a specified court or courts, shall be applicable to the same court or courts in the same manner and to the same extent as the former provision." Although the proposition seems quite plain that the Supreme Court can consolidate an action pending in it with an action pending in another court of record and equally clear that the County Court possesses the same power, the contention is made that, by reading section 1572 of the Civil Practice Act with section 3347, subdivisions fourth and sixth, of the Code of Civil Procedure, the power is limited to the consolidation of actions pending in the Supreme Court with actions pending in other courts of record and that, since a Justice's Court is not a court of record, actions pending therein are not included within the provisions of section 97 of the Civil Practice Act as enlarged by sections 69 and 74 of the same statute. This argument might be sound except for the sweeping provisions of section 96 of the Civil Practice Act. This section is new. Nothing like it was included within the Code of Civil Procedure. It authorizes consolidation " *whenever* it can be done without prejudice to a substantial right." The power conferred by this new section appears to be sufficiently comprehensive to include the right of the County Court to consolidate with an action therein pending another action even when the other action is pending in a court not of record. The purpose of section 96 is to eliminate technicalities, multiplicities of actions and delays and to protect substantial rights.

The order of the Appellate Division and that of the County Court should be reversed and the motion granted, with costs to appellant in all courts, and the question certified answered " yes."

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, HUBBS and CROUCH, JJ., concur.

Ordered accordingly.