CONSOLIDATED DAIRY PRODUCTS Co., INC., Plaintiff, *v.* LOFT, INCORPORATED, and Another, Defendants.

Supreme Court, New York County, May 30, 1935.

*Sullivan & Cromwell*, for the plaintiff.

*Riegelman, Hess & Hirsch*, for the defendant *The Mirror, Inc.*

*O'Brien, Driscoll & Raftery*, for the defendant Loft.

COLLINS, J. This motion presents the question whether two cases should be consolidated and tried together, or whether they should be tried separately; in the latter event, which should be tried first.

Though one case has a 1931 number and the second a 1932 number, it would seem that they were commenced at the same time. The plaintiff in the two actions is the same. One action is against *The Mirror* for breach of a contract under which *The Mirror* is obligated to purchase from the plaintiff all the ice cream it would require for a designated period. The second action is against Loft, Inc., for having induced the breach of the same contract. Though technically and nominally there is a different defendant in each case, it is not disputed that Loft, through stock ownership, controls *The Mirror*.

The issues in the two actions are virtually the same. All the issues involved in the Mirror case are equally present in the Loft case. In the latter there is the additional element whether Loft induced the breach. Since it appears that when Loft assumed control of *The Mirror* it effected a change of source of supply of ice cream theretofore furnished to *The Mirror* by the plaintiff, it would seem that the major and fundamental issues in both cases are substantially identical. However, there has been considerable maneuvering on both sides as to which action is to be tried first. Evidently, the plaintiff deems it to its advantage that the Loft action be disposed of first, whilst the defendant in each action apparently considers it to the defendants' advantage that the inverse order of trial be pursued.

The court, under misapprehension, having determined that the Mirror action be tried first, the plaintiff now moves for reargument and suggests that the two actions be tried together.

On further reflection I have reached the conclusion that justice would be best served by trying the actions together.

I am not concerned with the maneuvers or with the advantages which the respective parties hold or seek to gain. Certainly it would save time and expense to try the two actions together. The only arguable question is whether substantial rights of the defendants would be prejudiced by trying the actions together. I am satisfied that the answer is a negative one.

The tendency is toward the consolidation of actions unless substantial harm be done thereby. This is not only the trend of the decisions but the legislative manifestations as well. Section 96 of the Civil Practice Act is an enlargement of section 817 of the Code of Civil Procedure. Under section 96 "actions may be consolidated whenever it can be done without prejudice to a substantial right." The Laws of 1935 (Chap. 626) broadened the section to encompass special proceedings, and significantly added a new section, 96-a (added by Laws of 1935, chap. 627), which provides that "The court may order that two or more actions * * * growing out of the same set of facts be tried or heard together, without consolidation, wherever it can be done without prejudice to a substantial right."

True, the new section does not become effective until September first, but it is indicative of the policy of the law concerning joint trials wherever and whenever justice thereby will be done. Consolidation "makes for expedition, conservation of the time of the court, avoids duplication of effort, saves unnecessary expense." (Dissenting opinion of FINCH, P. J., MARTIN, J., concurring, *Hurley v. Rose, Nos. 1 & 2*, 236 App. Div. 517, and which the Court of

Appeals approved, in reversing the majority, 264 N. Y. 484.) " The purpose of section 96 is to eliminate technicalities, multiplicities of actions and delays and to protect substantial rights." (*Datz* v. *Economy Cotton Goods Stores*, 263 N. Y. 252, 254.)

The defendants' point that the motion to consolidate should be made in Special Term I is meritless. Such is the usual procedure but there is nothing in the law which compels inflexible adherence thereto. There would be no virtue in requiring the plaintiff to traverse the longer route. The issue is fairly and squarely before the court.

Nor do I attach significance to the defendants' contention that motions to consolidate are customarily made by the defendant, whilst here the suggestion issues from the plaintiff who brought the separate actions. When or where or how or by whom the proposal is made is not all-important.

If we are honest in our oft-repeated boast that " law is not a game," but that " the aim of a trial is to award victory to the right " (*Lehmann, Inc.*, v. *Turtle Bros., Inc.*, 149 Misc. 744), we will penetrate the form to the substance. That does not mean, of course, that procedural forms are to be ignored or shattered. As observed, the caution here is that substantial rights be not prejudiced. (*Goldey* v. *Bierman*, 201 App. Div. 527.) " Within the limits of this anomaly, however, there should be such liberal construction as to simplify practice and expedite justice in so far as the power lies within the courts so to do." (*Hurley* v. *Rose, supra.*)

Since I am persuaded that the defendants here will not suffer a substantial loss or be substantially prejudiced by the trial of the two cases together, but that, contrarily, the cause of justice will be furthered and expedited thereby, a joint trial is ordered. If a separate order is deemed necessary, settle same on notice.