TIMOTHY L. WOODRUFF and Another, Plaintiffs, *v.* ALFRED B. COHEN, Defendant.

(County Court, Nassau County.)

ALFRED B. COHEN, Plaintiff, *v.* JOHN E. WOODRUFF and Another, Defendants.

(Municipal Court of City of New York, Borough of Manhattan, First District.)

County Court, Nassau County, February 17, 1936.

*Harold M. Spitzer*, for Timothy L. Woodruff and another.

*Kotzen, Mann & Siegel*, for Alfred B. Cohen.

TURK, J. On the 14th day of November, 1935, Alfred B. Cohen commenced an action in the Municipal Court of the City of New York against John E. Woodruff and Timothy Woodruff to recover damages alleged to have been sustained as a result of a collision between two automobiles, one owned by Cohen and one owned by the Woodruffs. On the 19th day of November, 1935, the Woodruffs brought an action against Cohen in the County Court of Nassau county for personal injuries and property damages for an amount greater than can be recovered on a counterclaim in the Municipal Court of the City of New York. The plaintiffs in the County Court action now ask to have these two actions consolidated. This is opposed by Alfred B. Cohen. It appears from the moving papers that Alfred B. Cohen is a resident of the county of Nassau

and within the jurisdiction of the County Court of Nassau county. In *Datz* v. *Economy Cotton Goods Stores* (263 N. Y. 252) it seems to be definitely established that the County Court has power under section 96 of the Civil Practice Act " to consolidate with an action pending therein another action even when the other action is pending in a court not of record." Judge O'BRIEN said in that case: " The purpose of section 96 is to eliminate technicalities, multiplicities of actions and delays and to protect substantial rights." While it is true that section 97 of the Civil Practice Act was enacted following the decision in *Datz* v. *Economy Cotton Goods Stores* (*supra*), the enactment, however, does not affect section 96 of the Civil Practice Act. An order may be entered, therefore, consolidating the two actions in the County Court of Nassau county, with the right of the plaintiff in the Municipal Court action to be the plaintiff in the consolidated action, and with all his rights and privileges as plaintiff preserved.