MAX BIALOSTOK, Plaintiff, *v.* ARTHUR WOLFER, Defendant.

Supreme Court, Special Term, Kings County, December 9, 1947.

*Michael Levine* for plaintiff.

*James J. Crisona* for defendant.

FROESSEL, J. The plaintiff, Max Bialostok, brought an action for the specific performance of an agreement for a joint venture, and for an accounting in connection therewith, against the defendants A. & M. Knitting Mills, Inc. and Arthur Wolfer.

The agreement, dated July 12, 1943, was made between the plaintiff and the defendant Wolfer. The latter interposed an answer containing certain defenses and three counterclaims, and a cross claim against his codefendant. The court at Special Term for trials granted judgment in favor of the plaintiff with respect to the first cause of action for specific performance and for an accounting, dismissing the second cause of action for damages.

The Appellate Division reversed the interlocutory judgment on the law and the facts, and dismissed the complaint, severed the action as to the defendant Wolfer's counterclaims, which had not been disposed of, and ordered a new trial with respect thereto. The agreement was held by the Appellate Division to be " so vague and indefinite as to many of its essential provisions, that it may not be enforced. * * * If we assume, however, that the contract was sufficiently definite, plaintiff has nevertheless established no right to an accounting. The relationship provided for is not a joint venture, since there was no agreement by plaintiff to share in the losses which might ensue. * * * The trial court did not pass on the issues presented by defendant Wolfer's counterclaims and plaintiff's replies. Such issues, which depend for their determination on the credibility of the witnesses who testified, may not be determined on this appeal." (*Bialostok* v. *A. & M. Knitting Mills, Inc.*, 272 App. Div. 936.)

Following the foregoing determination on June 30, 1947, Bialostok instituted a new action against the defendant Arthur Wolfer alone on October 2, 1947, to recover a balance of $25,000 for services rendered to the defendant, which the latter accepted, retained and profited by, and which were of the reasonable value of $27,650, no part of which has been paid, with the exception of $2,650, leaving a balance due of $25,000.

The new trial on the counterclaim has not taken place, and the defendant Wolfer has not yet answered Bialostok's new complaint. This defendant now moves to dismiss it for legal insufficiency (Rules Civ. Prac., rule 106, subd. 5), and pursuant to rule 107, on the ground that there is another action pending by the same parties for the same cause, that there is a final judgment rendered on the merits determining said cause of action between the same parties, and that the contract upon which the said cause of action is founded is unenforcible under the provisions of the Statute of Frauds. The plaintiff has cross-moved to consolidate both actions.

The motion to dismiss the complaint for legal insufficiency is denied. The action is to recover on the basis of *quantum meruit*, and while the pleading which is challenged is not perfect in form and terminology, the substance thereof is, in my opinion, sufficient to constitute a cause of action. The law is well settled that even where an action is brought upon a special contract of employment, and said special promise is not established, a recovery may be had upon a *quantum meruit* where the evidence does in fact show the rendition of services under circumstances which imply an agreement to pay therefor. (1 Williston on Contracts [Rev. ed.], § 36; *McKeon* v. *Van Slyck*, 223 N. Y. 392, 399; *Sturtevant* v. *Fiss, Doerr & Carroll Horse Co.*, 173 App. Div. 113.) As was said in *Matter of Hughes* (229 App. Div. 614, 615, appeal dismissed 254 N. Y. 597): " The question is one of the intention of the parties. Ordinarily where services ' beneficent in their nature ' are rendered or materials useful in their nature furnished and they have been accepted the law will imply a contract to pay their reasonable value." (See cases cited therein, as well as *Healey* v. *Macy & Co., Inc.*, 251 App. Div. 440, affd. 277 N. Y. 681, and explained in *American Mint Corp.* v. *Ex-Lax, Inc.*, 263 App. Div. 89, 91.) Upon a motion of this character, the challenged pleading must be construed with liberality in the interests of substantial justice between the parties. (Civ. Prac. Act, § 275.) Every intendment and fair inference favors the pleading. (*Dyer* v. *Broadway Central Bank*, 252 N. Y. 430.) So construed, a cause of action has been pleaded.

As to the motion under rule 107, this too will be denied with leave, however, to the defendant to plead in his answer the Statute of Frauds, so that this defense might be available to him if appropriate, in light of the evidence which may be adduced at the trial.

It is difficult to perceive how the prior adjudication has any bearing upon plaintiff's present complaint to recover the rea-

sonable value of his services. The first action was to enforce an agreement. In this the plaintiff has failed. He now seeks to recover the reasonable value of his services, not under the terms of the agreement which the Appellate Division has held to be too vague to be enforcible, but on the basis of *quantum meruit*, in that the plaintiff performed certain services which were accepted and retained by the defendant and from which he profited, and upon which he made a payment on account. The decisive test for determining whether a prior judgment is *res judicata* is " whether the substance of the rights or interests established in the first action will be destroyed or impaired by the prosecution of the second." (*Schuykill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 308.)

Measured by this test, it cannot be said that the substance of the rights or interests established in plaintiff's first action to specifically perform a written agreement as one to enter a joint venture, and in which he was defeated, will in any way be destroyed or impaired by a subsequent action brought by the plaintiff to recover the reasonable value of services which he rendered.

As for the motion to consolidate, issue has not yet been joined with respect to the law action. Ordinarily, such motions are not made until the joinder of issue, but here it is evident from the papers that there will be issues, and that the defendant will deny the plaintiff's claim. Under such circumstances, it has been held that consolidation may be granted even before issue has been joined. (*Lee* v. *Schmeltzer,* 229 App. Div. 206.) The fact that the counterclaims are equitable and the plaintiff's action is at law is of no consequence, since the cases hold that the fact that one action is at law and the other in equity is no impediment to consolidation (*Goldey* v. *Bierman,* 201 App. Div. 527; *Levy* v. *Portugal,* 217 App. Div. 776), provided both arose from the same transaction or involve the same issues. It is only where they are independent of each other, and the issues involved are separate and distinct, that consolidation must be withheld. (*Meyer Bros., Inc.,* v. *Higgins,* 231 App. Div. 832.)

However, it appears that the equity trial is imminent, and to permit consolidation, even before issue has been joined in the second action, would, undoubtedly, delay the equity trial. Moreover, plaintiff might have been more diligent in instituting the second action. Under all these circumstances, consolidation cannot be granted without prejudice, and, therefore, that motion is denied.

Settle orders.