■ MAX HEIMOV, Doing Business as ACOUSTIC BUILDING COMPANY, Plaintiff, v. 15 PLEASANTVILLE ROAD CORPORATION, Appellant; DESIGN-EQUIPMENT AND CONSTRUCTION OF NEW YORK, INC., Respondent, et al., Defendants. (Action No. 1.) KOMPOLITE CO., INC., Plaintiff, v. DESIGN-EQUIPMENT AND CONSTRUCTION OF NEW YORK, INC., et al., Defendants. (Consolidated into Action No. 1.) ROBERT MATZKIN CO., Plaintiff, v. DESIGN-EQUIPMENT AND CONSTRUCTION OF NEW YORK, INC., et al., Defendants. (Consolidated into Action No. 1.) KARL BLOCH, Respondent, v. 15 PLEASANTVILLE ROAD CORPORATION, Appellant. (Action No. 2.)— The owner of a building, 15 Pleasantville Road Corporation, in the construction of which the other parties participated, appeals from that part of an order which denies its motion (1) to remove to the Supreme Court, Westchester County, Action No. 2, which was brought by the supervising engineer in the Supreme Court, Queens County, for the balance due him under his contract, and (2) to consolidate it with the other actions consolidated by

said order into Action No. 1, brought by a subcontractor to foreclose a mechanic's lien. Order modified to provide that Action No. 2 be also consolidated into Action No. 1 for trial by the court without a jury at Special Term, Westchester County. As so modified, order affirmed, with $10 costs and disbursements to appellant. The principal issues in these actions, arising out of the building of the same structure, relate to the allocation of responsibility between the respondents for allegedly improper construction. Therefore, the actions may be consolidated, if to do so will not prejudice a substantial right (Civ. Prac. Act, § 96; *Bialostok* v. *Wolfer*, 191 Misc. 385, 388). Respondent in Action No. 2 waived his right to a trial by jury (Civ. Prac. Act, § 426, subd. 5), and appellant consented to waive a jury therein, which it had demanded and for which it had paid the fee pursuant to said statute. Since an early nonjury trial is readily available in Westchester County, the trial of Action No. 2 will not be delayed by consolidation. Nor have respondents met their burden of showing that consolidation will prejudice any other substantial right of theirs. (*Tascio* v. *Citizens Bank of White Plains*, 254 App. Div. 881; *Crandall* v. *Leach & Co.*, 222 App. Div. 292; 2 Carmody-Wait Cyclopedia of New York Practice 478.) On the other hand, if separate trials were to be had, each respondent herein might separately prevail on a claim that the fault was that of the other. Such a contradictory result would be to appellant's prejudice. Under these circumstances, it was an improvident exercise of discretion to deny the consolidation in question. Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.