■    HAROLD PACE et al., Plaintiffs, v. NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and VIOLA WALLACE, Appellant. (Action No. I.) SYDNEY D. ROSENBERG et al., Plaintiffs, v. VIOLA WALLACE, Appellant, and JUSTICE JAMES, Respondent, et al., Defendant. (Action No. II.) ESTELLA Z. BERTRAND, Plaintiff, v. VIOLA WALLACE, Appellant, et al., Defendants. (Action No. III.) WILLIE M. POPE, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and VIOLA WALLACE, Appellant. (Action No. IV.) GRACE RICE, Plaintiff, v. VIOLA WALLACE, Appellant. (Action No. V.) — In five negligence actions to recover damages for personal injury, Viola Wallace, a defendant in all five actions, appeals: (1) from an order of the Supreme Court, Kings County, dated April 24, 1962, which denied her motion to consolidate such actions for joint trial in the Supreme Court (Civ. Prac. Act, § 96); and (2) from an order of said court, dated June 15, 1962, which denied her motion for "reargument". Order of June 15, 1962 reversed, with $10 costs and disbursements to appellant Wallace payable by the respondents Pope and Justice James; and motion to consolidate the five actions granted. Appeal from the first order of April 24, 1962 dismissed. That order was superseded by the later order of June 15, 1962. While nominally such later order denied a motion for "reargument," actually it denied a renewed motion for consolidation based on new facts, to wit, the alleged limited liability insurance of the defendants Wallace and Leo James. The later order is treated accordingly. It is, therefore, appealable and supersedes the first order. These several actions arose out of a collision between a private automobile and a New York City Transit Authority bus. At the time of the collision, all the plaintiffs were passengers in one or the other of such vehicles. The private automobile was owned by the defendant Viola Wallace and was operated by the defendant Leo James. The defendant (in Action No. II) named *Justice* James is alleged to have contributed to or to have caused the collision by reason of his "drag-racing" in a *third* vehicle (his own) with the Wallace automobile. In our opinion, under all the circumstances, the denial of consolidation was an improvident exercise of discretion. Since all the actions arose out of the same accident and (except for the question of damages) involve the same issues and presumably the identical witnesses, the motion to consolidate should have been granted (*Datz* v. *Economy Cotton Goods Stores,* 263 N. Y. 252, 254; *Kelly* v. *John Vogel, Inc.,* 279 App. Div. 797). None of the parties opposing the consolidation has shown any substantial prejudice by reason of the claimed extra delay which may ensue before the consolidated actions are reached for trial. In our opinion, the added delay, if any, will be inconsequential and the benefits to be derived from the consolidation far exceed the burdens which it may impose. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.