■ LINDA BURGER and Another, Infants, by Their Guardian ad Litem THOMAS C. BURGER, et al., Respondents, v. LONG ISLAND RAIL ROAD COMPANY,

Appellant, et al., Defendants. (Action No. 1.) INA C. MARRA, as Administratrix of the Estate of MOLLIE MARRA, Deceased, Respondent, v. LONG ISLAND RAIL ROAD COMPANY, Appellant. (Action No. 2.) — In two separate negligence actions by different plaintiffs (designated as "Action No. 1" and "Action No. 2"), to recover damages for personal injury, loss of services, wrongful death, etc., arising out of a collision at a railroad crossing between a train and an automobile in which the plaintiffs (or their intestates) were passengers, the Long Island Rail Road Company, a defendant in both actions, appeals from an order of the Supreme Court, Suffolk County, entered March 31, 1965, which denied its motion to consolidate the actions (CPLR 602, subd. [a]). Order reversed, without costs; motion granted; and consolidation directed upon the following conditions: (1) the consolidated action shall retain the index and calendar numbers assigned to Action No. 1; (2) the plaintiffs in Action No. 1, which was first commenced, shall have the right to open and close on the trial of the consolidated action; and (3) in accordance with the proffered waiver by the defendant railroad of its right to introduce into evidence, in mitigation of damages, proof of the settlement of a claim against the driver of the automobile by the administratrix of one of the passengers (the plaintiff in Action No. 2), no reference to such settlement shall be made at the trial, nor shall proof thereof be adduced. In our opinion, since: (1) both actions arose out of the same accident; (2) both actions, except as to damages, will involve substantially the same issues of law and fact; and (3) it may fairly be presumed that, were the actions tried separately, virtually the same witnesses would testify at both trials, the plaintiffs in Action No. 1 (who opposed the motion) failed to show that consolidation upon appropriate terms and conditions would prejudice any of their substantial rights. In such circumstances, it is the policy of the law to permit consolidation of the actions (*Datz* v. *Economy Cotton Goods Stores*, 263 N. Y. 252, 254; *Pace* v. *New York City Tr. Auth.*, 19 A D 2d 630; *Preiss* v. *Brannigan*, 6 A D 2d 1046), upon appropriate terms and conditions such as those here imposed (cf. *Hiscox* v. *New Yorker Staats Zeitung*, 30 Abb. N. C. 131; *Kelly* v. *John Vogel, Inc.*, 279 App. Div. 797; *Gallagher* v. *Barth*, 268 App. Div. 865; *Gibbs* v. *Sokol*, 216 App. Div. 260; 2 Carmody-Wait, New York Practice, §§ 31–32, pp. 507–508, and cases there cited). Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.