■ MARIANNE TILLOTSON, Appellant, v BENNETT D. SHULMAN et al., Doing Business as SHULMAN & SHULMAN, Respondents.—In a legal malpractice action, plaintiff appeals from an order of the Supreme Court, Westchester County, entered August 9, 1979, which (1) denied her motion to consolidate the above action with one pending in the Justice Court, Town of Ossining, and (2) granted defendants' cross motion to dismiss the complaint unless plaintiff complies with an order of the same court, entered May 17, 1979, requiring the production of certain legal files. Order modified, by deleting therefrom the provision which denied plaintiff's motion for consolidation, and substituting therefor a provision granting said motion. As so modified, order affirmed, without costs or disbursements, and the plaintiff's time to comply with the order entered May 17, 1979 is extended until 10

days after service upon her of a copy of the order to be entered hereon, together with the notice of entry thereof. All parties are to complete pretrial proceedings within 10 days after compliance by the plaintiff with the May 17, 1979 order and are to proceed expeditiously to trial. Plaintiff brought this action for legal malpractice against her former attorneys subsequent to their institution of an action in Justice Court for services rendered to the plaintiff with respect to her divorce. Defendants sought from the plaintiff their legal file of the divorce action which they had turned over to plaintiff's counsel, Mr. Alberi. Apparently, Alberi has since left the plaintiff's employ and has deposited the defendants' legal file in the Mount Vernon City Court as an exhibit in an action he has commenced against the plaintiff for services rendered. Plaintiff was ordered twice to produce the entire legal file but has failed to do so. In addition, plaintiff sought to consolidate the Justice Court action with the above-captioned action. Special Term denied plaintiff's motion to consolidate because she had failed to affirm that all pretrial proceedings had been completed as is required by the Westchester Supreme Court rules of practice (see 22 NYCRR 780.21 [a], [b]). As both actions clearly involve similar issues of fact and law, consolidation should be granted, notwithstanding the court's rules of practice (see CPLR 602; *Cornell v Reed,* 35 AD2d 809). It was an improvident exercise of discretion to deny consolidation in this particular case because a judgment in favor of the defendants in their action for services rendered would bar plaintiff's action for legal malpractice even if plaintiff did not contest the Justice Court proceeding (see *Kagan Meat & Poultry v Kalter,* 70 AD2d 632; *Blair v Bartlett,* 75 NY 150). Rather than force the plaintiff to litigate a legal malpractice claim in Justice Court, consolidation should be granted. Since consolidation of the two actions may result in the slight delay of the action for services rendered (which trial has already been delayed as a result of plaintiff's two motions to consolidate), the plaintiff is to proceed expeditiously toward compliance with the order of Mr. Justice Dickinson and all the parties are to complete pretrial activities with a view toward proceeding to trial without further delay. Mollen, P. J., Titone, O'Connor and Mangano, JJ., concur.