# (December 22, 1980)

■ MARIAN CANTAMESSA et al., Plaintiffs, v GREENBURG CENTRAL SCHOOL DISTRICT No. 7, Defendant. (Action No. 1.) (And a Third-Party Action.) GLORIA ROSELL, Respondent, v GREENBURG CENTRAL SCHOOL DISTRICT No. 7, Defendant, and GABE RESPOLI SPORT, INC., Appellant. (Action No. 2.) (And 16 Other Actions.)—Appeal by defendant Gabe Respoli Sport, Inc. (G. R. Sports, Inc.), from an order of the Supreme Court, Westchester County, dated June 11, 1980, which denied its motion to consolidate Actions Nos. 2 through 18 with Action No. 1. Order reversed, with $50 costs and disbursements, and motion to consolidate granted. The parties are directed to complete all pretrial proceedings expeditiously. All the actions involved herein arose from the same incident, namely, the collapse of bleacher seats at an athletic field and, except as to damages, will involve common issues of law and fact. Plaintiff-respondent having failed to show that she will be substantially prejudiced by consolidation of the actions, it is clear that the motion to consolidate should have been granted (cf. *Weiner v New York Prop. Ins. Underwriting Assn.*, 73 AD2d 780; *Burger v Long Is. R. R. Co.*, 24 AD2d 509; *Pace v New York City Tr. Auth.*, 19 AD2d 630). Moreover, the fact that appellant failed to comply with the Westchester County Supreme Court rules of practice (see 22 NYCRR 780.21), which, *inter alia*, indicate that a motion to consolidate may be denied if it is not supported by an affirmation stating that all pretrial proceedings have been completed, is not determinative. The circumstances here are such that notwithstanding the court's rules of practice, consolidation is warranted for purposes of determining appellant's liability (see CPLR 602; *Tillotson v Shulman*, 73 AD2d 688). We note that since consolidation will result in some delay in the trial of respondent's action, all the parties are directed to complete pretrial activities with a view toward proceeding to trial expeditiously. Mollen, P. J., Cohalan, O'Connor and Weinstein, JJ., concur.