■ JACLYN A. OKIN et al., Appellants, v WHITE PLAINS HOSPITAL et al., Defendants, and JAMES T. HOWARD, Respondent. (Action No. 1.) JACLYN A. OKIN et al., Appellants, v TERESA C. RICCI, Defendant. (Action No. 2.) — In two medical malpractice actions, the plaintiffs in both actions appeal from so much of an order of the Supreme Court, Westchester County (Jiudice, J.), entered November 26, 1982, as, upon granting reargument of their motion to consolidate the actions, adhered to its original decision and order dated October 12, 1982, denying consolidation without prejudice to renew upon a showing that full disclosure has been completed in both actions. Order reversed, insofar as appealed from, with costs, order dated October 12, 1982 vacated, and motion to consolidate granted. The parties are directed to complete all pretrial proceedings expeditiously. The principal issues in both actions relate to the allocation of responsibility among the respondents for the brain damage incurred by the infant plaintiff as a result of the alleged negligent treatment and care she received while a patient at White Plains Hospital. Since both actions arose out of the same incident and involve common issues of law and fact, they may be consolidated if consolidation will not prejudice a substantial right of the respondents (see CPLR 602, subd [a]). Only respondent Howard opposed consolidation and he did not meet his burden of demonstrating prejudice to a substantial right (Cantamessa v Greenburg Cent. School Dist. No. 7, 79 AD2d 670; Sarrds, Inc. v Dove Demolition Corp., 71 AD2d 1001). On the other hand, if separate trials were held, the defendants in each case might separately prevail on a claim that the fault was that of the other. Such a contradictory result would be to plaintiffs' prejudice (see Heimov v 15 Pleasantville Rd. Corp., 1 AD2d 967). Under these circumstances, it was an improvident exercise of discretion to deny plaintiffs' motion for consolidation, notwithstanding their failure to comply with the rules of practice of the Supreme Court, Westchester County (22 NYCRR 780.21), which, inter alia, indicate that a motion to consolidate may be denied if it is not supported by an affirmation stating that all pretrial proceedings have been completed (see Staubi v Hasselman, 92 AD2d 891; Cantamessa v Greenburg Cent. School Dist. No. 7, supra; Tillotson v Shulman, 73 AD2d 688; Sarrds, Inc. v Dove Demolition Corp., supra). Additionally we note that although this court had held in the past that an order denying a motion without prejudice to renew is not appealable (see Cohen v Nadelman, 269 App Div 951; Weinrib v American Binder Co., 270 App Div 914; Kalmanash v Weinstein, 271 App Div 788), such holding has been overruled (see Winn v Warren Lbr. Co., 11 AD2d 713; Todd v Gull Contr. Co., 22 AD2d 904; Samuels v Ames Realty Corp., 79 AD2d 651). Weinstein, J. P., Bracken, Rubin and Boyers, JJ., concur.