■ CHINATOWN APARTMENTS, INC., Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Defendant; CITY OF NEW YORK, Appellant, and HORN CONSTRUCTION COMPANY, INC., et al., Respondents. HOROWITZ & CHUN, P. C., et al., Counterclaim Defendants-Respondents, et al., Counterclaim Defendants. HORN CONSTRUCTION COMPANY et al., Cross-Claim Plaintiffs-Respondents, v CITY OF NEW YORK, Cross-Claim Defendant-Appellant. NEW YORK CITY TRANSIT AUTHORITY, Third-Party Plaintiff, v DELEUW, CATHER & CO. OF NEW YORK, INC., Third-Party Defendant-Respondent. HORN CONSTRUCTION CO., INC., et al., Respondents, v CITY OF NEW YORK, Appellant. — Order of the Supreme Court, New York County (Myriam Altman, J.), entered on November 30, 1982, which granted consolidation of actions Nos. 1 and 2; directed that all pretrial proceedings in action No. 2 be completed expeditiously; and denied the motion of the City of New York to sever and dismiss the cross complaint of Horn Construction Co., Inc., and Peter Kiewit Sons' Co. against the City of New York in action No. 1 is unanimously modified, on the law and on the facts, to grant said motion to the extent of dismissing the second cause of action therein and is otherwise affirmed, without costs. ¶ Special Term properly granted consolidation of these two actions, central to both of which are the issues of responsibility for damages to the building owned by Chinatown Apartments, Inc. (Chinatown), which was being constructed at or about the

same time construction of the Second Avenue subway was underway, and responsibility for damages resulting from delays in the subway construction which was suspended because of the settling of the foundation of Chinatown's building and the settling and cracking of the colonnade of Manhattan Bridge Plaza. Significantly, of the many parties involved in these suits, only two, the City of New York and Chinatown, oppose consolidation. Their argument that because of the need for extensive discovery in action No. 2, consolidation will delay the prosecution of action No. 1, where substantial discovery has already taken place, is fully met by Special Term's direction that the parties complete all pretrial discovery in action No. 2 expeditiously. (*Tillotson v Shulman,* 73 AD2d 688; *Cantamessa v Greenburg Cent. School Dist.,* 79 AD2d 670.) Neither the city nor Chinatown satisfactorily demonstrates that consolidation will result in prejudice to a substantial right possessed by either of them. (*Matter of Vigo S. S. Corp. [Marship Corp.],* 26 NY2d 157, cert den *sub nom. Snare Corp. v Vigo S. S. Corp.,* 400 US 819.) They both have actively engaged in the discovery already had in action No. 1 and it appears from the briefs that discovery in action No. 2 was nearly complete. These actions involve many of the same issues which ought be considered together and indeed will require the testimony of the same witnesses. (See *Vinbill Corp. v Morrison,* 19 AD2d 659; *Sorrentino v First Nat. City Bank,* 40 AD2d 820.) Consolidation is appropriate where it will avoid unnecessary duplication of trials, save unnecessary costs and expense and prevent the injustice which would result from divergent decisions based on the same facts. (*Cantamessa v Greenburg Cent. School Dist., supra;* 2 Weinstein-Korn-Miller, NY Civ Prac, par 602.04.) ¶ Special Term erred however, in denying the city's motion to dismiss that cause of action in Horn-Kiewit's cross claim in action No. 1 which seeks damages for additional costs incurred as a result of the suspension of construction of the Second Avenue subway. It is conceded that at the time that cross claim was asserted no notice of claim asserting these damages had been served upon the city. Additionally, the cross complaint failed to comply with the mandate of section 394a-1.0 of the Administrative Code of the City of New York to allege the service of such a notice of claim, that 30 days had elapsed since such service and that the Comptroller had failed and refused to pay the claim. Compliance with section 394a-1.0 is a prerequisite to the commencement of an action (*Arol Dev. Corp. v City of New York,* 59 AD2d 883), and the failure to comply ordinarily requires a dismissal of the action, even though the claim is meritorious (see *Republic of Argentina v City of New York,* 25 NY2d 252; *Arol Dev. Corp. v City of New York, supra*). ¶ Horn-Kiewit contends, and the court below held, the city to be equitably estopped to assert this failure of compliance. They rely upon the fact that the city participated in this action for some six years without raising this issue and upon the alleged agreement with an Assistant Corporation Counsel, made subsequent to the service of the cross complaint, to allow the belated service of the notice of claim which service would be deemed service *nunc pro tunc* before assertion of the cross claim or in the alternative that the cross claim be deemed served 30 days after service of the notice of claim, dispensing with actual reservice of the cross claim. Such reliance is misplaced. ¶ The doctrine of equitable estoppel generally is not applicable to agencies of the State acting in their governmental capacity. (*Granada Bldgs. v City of Kingston,* 58 NY2d 705; *Public Improvements v Board of Educ.,* 56 NY2d 850; *Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88.) And while certain factual circumstances may be found to exist in a particular case such as would warrant invoking the doctrine of equitable estoppel (*Bender v New York City Health & Hosps. Corp.,* 38 NY 662), no such circumstances here exist. The fact that the city participated in the lawsuit without raising the issue of noncompliance with section 394a-1.0 is

unavailing. The city is not required to promptly raise the issue of the insufficiency of a notice of claim or noncompliance with the statutory mandate. (See *Rowe v Patterson Home,* 72 AD2d 578; *Camarella v East Irondequoit Cent. School Bd.,* 41 AD2d 29, affd 34 NY2d 139.) Nor does the alleged agreement with the Assistant Corporation Counsel regarding the service of the notice of claim justify a different result. The authority of the Assistant Corporation Counsel to waive compliance with section 394a-1.0 is by no means free from doubt (see *McGovern v City of New York,* 160 Misc 714, affd 247 App Div 775, affd 272 NY 455), but in any event, that agreement was never reduced to writing nor "to the form of an order and entered" (CPLR 2104) and thus is not binding on the city. ¶ Moreover, at the time that alleged agreement was made, Horn-Kiewit's second cause of action asserted in its cross claim was legally insufficient, for "[t]o sustain a cause of action, a plaintiff must both plead and prove timely filing of the notice of claim" (*Clienhans v Southern Cab Corp.,* 54 AD2d 672). Thus this is not a situation "where a governmental subdivision act[ed] or comport[ed] itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice" (*Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668). Horn-Kiewit was not *"entitled"* to rely upon any such agreement and had available to it the simple expedient of seeking judicial leave to file a notice of claim *nunc pro tunc.* As the Court of Appeals stated in *Bender* (*supra,* at p 668): "Bearing in mind that notice of claim is a condition precedent to bringing suit, the facts allegedly constituting an estoppel must *first* be brought before the court." (Emphasis added.) Failure to do so here, either by such a motion or by the filing of an amended cross complaint setting forth facts in support of an estoppel (*Bender v New York City Health & Hosps. Corp., supra*) precludes invoking an equitable estoppel against the city. Concur — Carro, J. P., Bloom, Fein, Milonas and Alexander, JJ.