■ F. W. Woolworth Co., Appellant, v Manhattan Hi-Rise Apartments, Respondent.—Order of the Supreme Court, New York County (Robert E. White, J.), dated October 4, 1985, which denied the plaintiff's motion to hold an attorney and defendant's law firm and defendant in contempt and to enjoin the defendant from maintaining a Civil Court proceeding or, in the alternative, to consolidate the said Civil Court proceeding with this pending Supreme Court action for a declaratory judgment, unanimously modified, on the law and the facts and, in the exercise of discretion, to grant consolidation, and otherwise affirmed, with costs.

The plaintiff is the tenant of commercial premises at 8th Street and Broadway in Manhattan, under a 1970 lease. Article 8 thereof permits the plaintiff to perform nonstructural alterations to the premises, and the tenant is appointed attorney-in-fact of the landlord to apply for all necessary governmental permits and licenses for that purpose.

When the plaintiff, in 1983, advised the defendant of its intention to alter the premises to construct a Burger King restaurant in a part thereof, the landlord refused to consent, and the tenant, on its own, procured the necessary permits and commenced construction.

The landlord advised the Department of Buildings that it had not consented to the proposed alterations, whereupon the Department notified the plaintiff of its intention to revoke its previous authorization. The plaintiff appealed to the New York City Board of Standards and Appeals, which sustained the determination rescinding the alteration permits.

The plaintiff commenced an action in the Supreme Court for a *Yellowstone* injunction tolling its time to cure a purported default under the lease, but, at the same time, Special Term enjoined the plaintiff from performing any further alterations.

The Burger King restaurant opened in July 1985. In September 1985, defendant initiated a holdover proceeding in the Civil Court alleging that, pursuant to Real Property Law § 231, there was an illegal use of the premises in that a fast-food restaurant violated the certificate of occupancy and fur-

ther that the necessary permits by the Building Department had not been issued.

Plaintiff moved, in the pending Supreme Court action, to hold the defendant and its counsel in contempt and to enjoin the Civil Court proceeding or, in the alternative, to consolidate it with the Supreme Court action.

Consolidation is appropriate where it will eliminate a multiplicity of actions. The Supreme Court having already granted a *Yellowstone* injunction, it is appropriate that all of the proceedings should continue in the pending Supreme Court litigation. Concur—Kupferman, J. P., Ross, Carro, Fein and Milonas, JJ.