■ JACKSON E. PAGE, Appellant, v LAR LAKESHORE CORPORATION et al., Respondents. JACKSON E. PAGE, Appellant, v ELI BRIDGE COMPANY, INC., Respondent.—Order unanimously reversed on the law with costs, motion to consolidate granted, and matter remitted to Supreme Court, Ontario County, for further proceedings, in accordance with the following memorandum: Plaintiff's son died as a result of injuries suffered when he allegedly was thrown from an amusement ride at Roseland Park in Canandaigua, New York. Plaintiff commenced an action against the owners and operators of Roseland Park and its amusement ride and subsequently commenced a separate action against Eli Bridge Company, the manufacturer of the ride. Following separate discovery in each action, the plaintiff moved to consolidate the actions.

We conclude that denial of the motion for consolidation was an improvident exercise of discretion. Eli Bridge, the sole opponent of consolidation, conceded that the actions were of such a nature that consolidation would be appropriate, and its assertion that further discovery might delay a trial and impose further expense lacks significance when weighed against the need for judicial economy and the potential prejudice to plaintiff that could result from inconsistent verdicts (see, Okin v White Plains Hosp., 97 AD2d 399). We also note that the

claimed unavailability of an eyewitness does not amount to prejudice. Where circumstances warrant, any party may depose a nonparty witness who resides in another State *(see,* CPLR 3101 [a] [3]; 3108). In the absence of substantial prejudice to any defendant, the motion should have been granted.

Accordingly, we reverse the order, grant the motion to consolidate, and remit the matter for Special Term's determination of the proper venue of the consolidated action and other procedural matters pertaining to the trial. (Appeal from order of Supreme Court, Ontario County, Reed, J.—consolidate actions.) Present—Dillon, P. J., Callahan, Boomer, Balio and Davis, JJ.