■ HOWARD L. WIEDER, Appellant, v MURRAY L. SKALA et al., Respondents. [630 NYS2d 308] —Order, Supreme Court, New York County (Edward Lehner, J.), entered January 14, 1994 which, *inter alia*, vacated or limited various discovery demands made by plaintiff, is unanimously affirmed, without costs. Order, same court and Justice, entered January 14, 1994, which denied plaintiff's motion to reconsolidate legal malpractice claims previously severed from plaintiff's claims for breach of an employment contract, is unanimously reversed, on the law and the facts, without costs, and the IAS Court is directed to consolidate the foregoing matters for trial.

The IAS Court correctly limited plaintiff's discovery to information pertaining to defendants' dealings with plaintiff. The only issue relevant to plaintiff's revived breach of contract claim is whether defendant law firm breached its implied duty of good faith and fair dealing by requiring or demanding that plaintiff act in violation of Code of Professional Responsibility DR 1-103 (A) (22 NYCRR 1200.4 [a]) as a condition of his continued employment (*see, Wieder v Skala*, 80 NY2d 628). Therefore, plaintiff's demands for information regarding defendant Lubin's additional misdeeds were properly stricken as irrelevant.

We are not persuaded, however, that defendants would be unduly prejudiced in defense of plaintiff's malpractice claims if those claims are reconsolidated with matters relating to the purported breach of contract and wrongful discharge of plaintiff. Discovery relating to all of the claims has been consolidated and it would be duplicitous to require two separate trials with the concomitant costs and expenses, as well as a waste of judicial resources (*see, Chinatown Apts. v New York City Tr. Auth.*, 100 AD2d 824, 825).

Motion by defendant granted in part, to the extent of striking from plaintiff's brief all references to any purported defense of "mistake" asserted by Lubin, and all references to the testimony of Stephen R. Foreht and the purported destruction of documents referred to therein, and references to the affirmative defenses stricken by order of Supreme Court dated October 22, 1993. Concur—Murphy, P. J., Rosenberger, Rubin, Tom and Mazzarelli, JJ.