■ RUTH ROGIN, Appellant, v GILBERT ROGIN, Respondent, et al., Defendant. [936 NYS2d 109]—

Dismissal of the complaint against the landlord was proper since plaintiff failed to state a cause of action against it. Plaintiff's first claim against the landlord, where she alleges that instituting a summary proceeding against her "amounts to unfair conduct" is essentially an allegation of promissory estoppel. However, while her complaint alleges that Gilbert Rogin induced her to rent the subject apartment, it fails to allege that the landlord in any way *induced* her to rent the apartment. Reliance upon a promise made by the party against whom estoppel is alleged is an element necessary to an estoppel claim (*MatlinPatterson ATA Holdings LLC v Federal Express Corp.*, 87 AD3d 836 [2011]; *Winchester-Simmons Co. v Simmons*, 222 App Div 639, 640 [1928]), and since plaintiff failed to allege that the landlord made any promises to her upon which she relied, her first claim against the landlord, sounding in promissory estoppel, must be dismissed (*id.*). Moreover, plaintiff's second cause of action against the landlord, alleging intentional infliction of emotional distress also fails to state a cause of action since the basis for the claim—landlord's commencement of a nonpayment proceeding against plaintiff—is not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency" (*Howell v New York Post Co.*, 81 NY2d 115, 122 [1993] [internal quotation marks omitted]).

However, the motion court erred in denying plaintiff's motion for removal and a joint trial.* That Gilbert Rogin, pursuant to the guaranty agreement, is responsible to pay plaintiff's rent is both an equitable claim made by plaintiff in this action and an equitable defense raised by her in the summary proceeding. Accordingly, this action and the nonpayment proceeding share a substantial common question of law or fact, warranting joinder (*see* CPLR 602 [a], [b]; *Braun v Fraydun Realty Co.*, 158 AD2d 430, 431 [1990]; *F. W. Woolworth Co. v Manhattan Hi-Rise Apts.*, 118 AD2d 505 [1986]). Moreover, joinder is also warranted since plaintiff seeks an equitable remedy, an injunction, which the

---

* The motion court's order treats plaintiff's motion as one for consolidation, when the relief prayed for was an order directing a joint trial. Here, that distinction is critical since a true consolidation, where the captions merge and we are then left with only one action and one caption, is inappropriate since plaintiff in this action is also a respondent in the other action (*Bass v France*, 70 AD2d 849, 849-850 [1979] ["Consolidation was inappropriate since Milton James Bass . . . (a party to both actions) would have been both a plaintiff and a defendant in the consolidated action"]).

Civil Court cannot grant (*DeCastro v Bhokari*, 201 AD2d 382, 383 [1994]; *cf. Lun Far Co. v Aylesbury Assoc.*, 40 AD2d 794 [1972] [unless it is clear that the relief sought cannot be obtained in a summary proceeding in Civil Court, an action should not be removed, joined and/or consolidated with another in Supreme Court]). While prejudice serves to bar consolidation or joinder (*Chinatown Apts. v New York City Tr. Auth.*, 100 AD2d 824, 825 [1984]), here, the landlord has never raised such argument, arguing instead the incongruity of the issues between the actions. Moreover, as noted by the motion court, any delay of the nonpayment proceeding resulting from joinder of these actions, can be ameliorated by ordering expedited discovery concomitantly with the issuance of the order mandating that the actions be joined (*id.*; *Tillotson v Shulman*, 73 AD2d 688, 689 [1979]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Moskowitz, J.P., Renwick, DeGrasse, Abdus-Salaam and Román JJ.

Motion to strike brief denied.